**Michael LOU GARRETT, Petitioner,**

v.

**Jack M. BORDEN, et al, Respondents.**

No. 08–0506.

Supreme Court of Texas.

May 1, 2009.

Michael Lou Garrett, Iowa Park, TX, pro se.

William David George, Earnest W. Wotring, Connelly Baker Wotring LLP, Houston, TX, for Petitioner.

Greg W. Abbott, Attorney General of Texas, Julia Hamill Murray, David S. Mor-

ales, David A. Talbot Jr., Office of the Attorney General of Texas, Kent C. Sullivan, Clarence Andrew Weber, First Assistant Attorneys General, Austin, TX, for Respondents.

PER CURIAM.

Section 14.005 of the Civil Practice and Remedies Code provides that an inmate, who files a grievance claim subject to section 501.008 of the Government Code, must file with the court "a copy of the written decision from the grievance system." *See* TEX. CIV. PRAC. & REM.CODE § 14.005(a)(2). At issue in this appeal is the meaning of the word "copy." The trial court concluded that copy means only photocopy and dismissed the inmate's grievance claim because he filed a hand-typed, verbatim copy instead. The court of appeals affirmed the dismissal in a memorandum opinion, with one justice dissenting. 2008 Tex.App. LEXIS 3955, 2008 WL 2221807. Because we conclude that a hand-typed, verbatim reproduction satisfies the statutory requirement for a copy of the written grievance decision, we reverse the court of appeals' judgment and remand the case to the trial court.

■ Chapter 14 of the Civil Practice and Remedies Code applies to lawsuits filed by inmates who assert an inability to pay costs. TEX. CIV. PRAC. & REM.CODE § 14.002(a). Because the inmate's lawsuit here was also one subject to the grievance system established under the Government Code, the inmate was required to exhaust his administrative remedies and demonstrate that to the court by providing "a copy of the written decision from the grievance system" together with the inmate's declaration or affidavit disclosing the date he filed the grievance, and the date he received the written decision. *See*

*id.* § 14.005(a). Rather than file a photocopy of the written decision, the inmate reproduced it manually. No one disputes that the hand-typed reproduction is a verbatim copy.

■ Unless given a specific statutory definition, courts generally accept the words used in a statute according to their ordinary meaning. *Cities of Austin, Dallas, Ft. Worth & Hereford v. Sw. Bell Tel. Co.,* 92 S.W.3d 434, 442 (Tex.2002). Chapter 14 does not define the word "copy," and thus we apply its ordinary or common meaning here. That meaning includes a hand-typed, verbatim reproduction. *See* WEBSTER'S NEW INTERNATIONAL DICTIONARY 504 (3rd ed.2002) (defining "copy" as "an imitation, transcript, or reproduction of an original work").

■ The court of appeals, however, chose a more restrictive definition, interpreting the word "copy" to mean only mechanical reproductions or photocopies. Under certain circumstances, a court may reject the ordinary meaning of an undefined term, such as when a different meaning is apparent from the context or when the statute's purpose indicates a more specific meaning was intended. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008). Neither instance is apparent here. Section 14.005(a)(2)'s purpose is to demonstrate that an inmate, proceeding *in forma pauperis,* has exhausted his or her administrative remedies through the TDCJ's grievance system by providing certain information to the court, including a copy of the written decision from the grievance system. *See Smith v. Tex. Dep't of Criminal Justice—Inst. Div.,* 33 S.W.3d 338, 341 (Tex.App.-Texarkana 2000, pet. denied). A hand-typed, verbatim reproduction of the written decision will not

frustrate this purpose and accordingly satisfies the statutory requirement.

■ Statutory construction is a question of law we review de novo. *Tex. Parks and Wildlife Dep't v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). Because the court of appeals erred in construing the word "copy" in section 14.005(a)(2) to mean photocopies only and in dismissing the inmate's claim based upon that erroneous construction, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. *See* TEX.R.APP. P. 59.1.