*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★          ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00368-CV

Jerry **WANZER**,
Appellant

v.

Christina **HERNANDEZ**, Joe Shaver, Juan J. Nunez, and Kenneth R. Bright, Jr.,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-04-00060-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:    July 15, 2009

AFFIRMED

Jerry Wanzer appeals the trial court's order dismissing his claims against the appellees. Wanzer is an inmate, and the trial court found that his petition was frivolous and not in compliance with the requirements set forth in Chapter 14 of the Texas Civil Practice and Remedies Code ("Code"). Wanzer contends the trial court erred in dismissing his claims under Chapter 14. Wanzer also contends the trial judge should have recused himself. We affirm the trial court's order.

**BACKGROUND**

On December 21, 2006, Captain Thomas ordered Wanzer to be relocated to a new cell. Wanzer allegedly was told that he was being moved to the new cell because the other inmate housed in the cell, B. Joe Berry, Jr., did "not get along with his cellies."

On December 26, 2006, Wanzer filed a Step 1 grievance complaining of being housed in the new cell with an offender who could not get along with other offenders as cell mates. In his grievance, Wanzer speculated that Berry might be "playing a role of being crazy" by talking to himself, masturbating, playing the radio all night to prevent Wanzer from sleeping, and doing "a lot of other irrational things." Wanzer attached affidavits from other inmates stating Berry was known to masturbate and talk to himself and had been moved previously because of problems or an altercation with another cell mate. Wanzer stated that if the problem was not corrected by moving either Berry or him, the administration would be responsible if something serious happened. Wanzer concluded by stating that he was not in prison to "babysit or play psychological [sic]."

On December 28, 2006, Officer Christina Hernandez opened the door to Wanzer's cell but immediately closed it and summoned Sargent Joe Shaver. Wanzer, who had a busted lip, denied fighting with Berry, stating in his complaint, "when he [Berry] hit me, I pushed him off and he slipped and hit the Toilet." Wanzer was escorted to medical.

On January 12, 2007, Assistant Warden Kenneth Bright, Jr. responded to Wanzer's Step 1 grievance by stating, "This issue was resolved on 12-28-06. No further action is warranted." This response suggests the possibility that Wanzer and Berry were separated after the December 28, 2006 altercation; however, the record is unclear. Wanzer filed a Step 2 grievance appealing the Step 1 grievance response, complaining of his housing with Berry despite Berry's problems with other

offenders and despite the filing of the grievance objecting to being placed with Berry. No response was given to the Step 2 grievance.

On January15, 2007, Wanzer filed a second Step 1 grievance complaining of the discipline he received as a result of his altercation with Berry. Wanzer asserted that he was not given the opportunity to question Officer Hernandez during the disciplinary hearing and he was justified in pushing Berry in self-defense. The Step 1 grievance response stated that no procedural errors from the disciplinary hearing were identified, and the evidence supports the decision.

On February 23, 2007, Wanzer filed a Step 2 grievance appealing the Step 1 grievance response. The Step 2 grievance response stated that the evidence, including Wanzer's admission regarding the altercation, supported the disciplinary decision. The response further stated that Wanzer failed to request witnesses at the time of service and failed to present non-frivolous evidence at the hearing.

On April 26, 2007, Wanzer filed the underlying lawsuit against Sargent Shaver, Officer Hernandez, Captain Juan J. Nunez (the disciplinary hearing officer), and Assistant Warden Bright. Wanzer alleged Eighth Amendment and due process violations. The defendants filed a motion to dismiss under Chapter 14 which the trial court granted after a hearing.

## CHAPTER 14 - PROCEDURAL REQUIREMENTS

"Prison inmates who file suits in Texas state courts *pro se* and who seek to proceed *in forma pauperis* must comply with numerous procedural requirements set forth in Chapter 14 of the Code." *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004-14.006 (Vernon 2002). If an inmate fails to fulfill the procedural requirements, the trial court may dismiss the inmate's claims. *Lilly*, 100 S.W.3d at

336. A trial court's dismissal of an action pursuant to Chapter 14 is reviewed under an abuse of discretion standard. *Id*. "A trial court abuses its discretion if it acts without reference to any guiding rules or principles." *Id*.

Because Wanzer brought the underlying lawsuit *pro se* and filed a request to proceed *in forma pauperis*, he was required to fulfill Chapter 14's procedural requirements. *Id*. Section 14.005(a)(2) required Wanzer to file with the court a copy of the written decision from the grievance system regarding his claim. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2) (Vernon 2002). The defendants argued in their motion that the handwritten copies of the grievance decisions did not satisfy Chapter 14's requirements. In *Garrett v. Borden*, No. 08-0506, 2009 WL 1165387, at *1 (Tex. May 1, 2009), however, the Texas Supreme Court held that a hand-typed, verbatim reproduction of the written grievance decision satisfied the statutory requirement. Accordingly, we hold that the handwritten copies of the grievance decisions that Wanzer filed in response to the motion to dismiss satisfied the statutory requirement. *See id*.

## CHAPTER 14 - FRIVOLOUS FINDING

"A trial court has broad discretion under Chapter 14 to dismiss an inmate's suit if it deems the suit frivolous." *Lilly*, 100 S.W.3d at 337. The trial court's authority to dismiss a lawsuit as frivolous is independent of Chapter 14's procedural requirements. *Id*.

In his brief, Wanzer complains that the trial court erred in dismissing his Eighth Amendment claims for retaliation and for placing him in a cell with an inmate having a history of assaulting his cell mates. Wanzer also complains that his due process rights were violated when his request to question Officer Hernandez at the disciplinary hearing was denied.

A.      Retaliation Claim

Because Wanzer did not raise his retaliation claim in his grievances, he cannot file the claim in state court. *See* TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004) (prohibiting inmate from filing claim in state court until after the claim is submitted through grievance system); *Smith v. Tex. Dept. of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied) (noting section 501.008 precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system). Stated differently, "[a] claim has no arguable basis in law if a prisoner has failed to exhaust his administrative remedies." *Retzlaff v. Tex. Dept. of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Therefore, the trial court did not err in dismissing Wanzer's retaliation claim.

B.      Placement in Cell with Inmate with Prior Assault History

We next consider whether the trial court abused its discretion in determining that Wanzer's Eighth Amendment claim for placing him in a cell with an inmate having a history of assaulting his cell mates was frivolous. In determining whether a claim is frivolous, the trial court may consider whether:

(1)      the claim's realistic chance of ultimate success is slight;
(2)      the claim has no arguable basis in law or in fact;
(3)      it is clear that the party cannot prove facts in support of the claim;
(4)      the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b) (Vernon 2002). Although section 14.003(b) lists four separate factors a trial court may consider in determining whether a claim is frivolous, the courts have determined that the proper factor among the first three factors is whether the complaint lacks an arguable basis in law or in fact. *See Johnson v. Lyanaugh*, 796 S.W.2d 705, 706 (Tex. 1990)

(noting Fifth Circuit has cast doubt on appropriateness of dismissal under provision in federal statute similar to third factor, and United States Supreme Court had indicated proper factor was provision in federal statute that is the same as second factor); *see also Garrett v. Nunn*, 275 S.W.3d 604, 608 (Tex. App.—Amarillo 2008, no pet.) (noting second factor is proper factor among the first three); *Obadele v. Johnson*, 60 S.W.3d 345, 350 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (same). No argument has been made that Wanzer's claim was substantially similar to a previous claim; therefore, we consider whether the trial court abused its discretion in finding that Wanzer's claim lacked an arguable basis in law or in fact.

"To have no arguable basis in law, a claim must be based on 'an indisputably meritless legal theory,' or the facts alleged must rise to the level of the irrational or wholly incredible." *Gill v. Boyd Dist. Ctr.*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). An inmate's complaint may not be dismissed under section 14.003(b) simply because the trial court finds the inmate's allegations unlikely. *Gill*, 64 S.W.3d at 603-04. "Therefore, for the claim to have no basis in law, the facts as pleaded must not comprise a cause of action." *Id*.

"A claim is only factually frivolous if the 'facts alleged give rise to the level of the irrational or the wholly incredible.'" *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). In making this determination, a court must accept as true all of the facts alleged in the pleadings. *Id*.

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*.

at 833. To state a failure to protect claim, a plaintiff-inmate must allege that: (1) he is incarcerated under conditions posing a substantial risk of harm; and (2) defendant-prison officials acted with deliberate indifference to that risk. *Id*. at 834.

In this case, the only fact alleged in Wanzer's complaint is that he was moved to share a cell with Berry because Berry did "not get along with his cellies." Even if we considered the facts Wanzer alleged in the grievance regarding the "irrational things" that Berry was doing, Wanzer never alleged in his grievance that Berry had a history of assaulting his cell mates such that he posed a substantial risk of harm to Wanzer. *See Brown v. Budz*, 398 F.3d 904, 910-911 (7th Cir. 2005) (describing the meaning of "substantial risk" as posing a risk so great that it is almost certain to materialize if nothing is done). Moreover, although Wanzer claims in his complaint that the defendants were deliberately indifferent toward him, he fails to allege any facts to support this claim. In fact, Wanzer alleges that a Captain Thomas approved his move; however, Captain Thomas is not even a defendant in the case. Therefore, the trial court did not abuse its discretion in determining that Wanzer's claim had no arguable basis in law or in fact.

C.      Denial of Request to Question Officer Hernandez

In his final complaint, Wanzer asserts that he was deprived of his due process rights when the disciplinary hearing officer denied his request to question Officer Hernandez. The Step 2 grievance response stated, "You did not request witnesses at the time of service and failed to present non-frivolous evidence at the hearing."

"'[T]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) (quoting *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 894 (1961)). "'[C]onsideration of what

procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.'" *Id*. "Viewed in this light it is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison." *Id*. For this reason, a hearing officer may find good cause for not allowing a prisoner to confront and cross-examine adverse witnesses. *Id*. at 567-69; *Covarrubias v. Tex. Dept. of Crim. Justice - Inst. Div.*, 52 S.W.3d 318, 325 (Tex. App.—Corpus Christi 2001, no pet.).

In this case, the hearing officer denied Wanzer's request to question Officer Hernandez based on his failure to present non-frivolous evidence. Wanzer alleges in his complaint that his questioning of Officer Hernandez would have established that she did not witness him engaging in a fight; however, Wanzer admits in his complaint that he pushed Berry off causing him to slip and hit the toilet. Therefore, the trial court could have determined that the hearing officer had good cause for not allowing Wanzer to question Officer Hernandez in view of Wanzer's admission and his failure to present any non-frivolous evidence to contradict the disciplinary report. Accordingly, the trial court did not abuse its discretion in determining that Wanzer's due process claim was frivolous.

## RECUSAL MOTION

In his second issue, Wanzer contends the trial court erred in denying his motion to recuse. Wanzer asserts that the trial judge "detached himself as a neutral adjudicator by interfecting [sic] a role as advocate for the defense based upon the unanticipated and unpredictable actions."

The clerk's record contains an Order Denying "Resubmitted Motion of Recusal" signed by the presiding judge of the Fourth Administrative Judicial Region of Texas. The order notes that Wanzer's "Resubmitted Motion of Recusal" was referred to the presiding judge by the trial judge. The order concludes that the motion did not state legally sufficient grounds for disqualification or recusal. The order specifically notes that the motion complains of the trial judge's rulings and actions but does not allege extra-judicial conduct that would constitute a basis for recusal.

An order denying a motion to recuse is reviewed for an abuse of discretion. *See Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 274 (Tex. App.—El Paso 2007, pet. denied); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "When a party challenges a denial of a recusal motion based on alleged bias or impartiality, a party must show that this bias arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings, unless these actions during proceedings indicate a high decree of favoritism or antagonism that renders fair judgment impossible." *Sommers*, 20 S.W.3d at 71; *see also Trahan*, 247 S.W.3d at 274-75. Wanzer does not contend the trial judge's actions arose from an extrajudicial source. Furthermore, having reviewed the reporter's record from the hearing before the trial court, we hold that none of the trial judge's actions about which Wanzer complains indicated a high degree of favoritism or antagonism that rendered fair judgment impossible. *See Trahan*, 247 S.W.3d at 274-75; *Sommers*, 20 S.W.3d at 71. Accordingly, the motion to recuse was properly denied.

### Conclusion

The trial court's order is affirmed.

Karen Angelini, Justice