COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ANTHONY HILL,

                                    Appellant,

v.

JEFFREY REILLY, SHAIN LOTT,
CLYDE HARGROVE, TINA VITOLO,
MAJOR HARRIS, JASON WILLIAMS,
AND E.C. WILLIAMS,

                                    Appellees. 

§
 
§
 
§
 
§
 
§

§

 §


No. 08-09-00208-CV

Appeal from
78th District Court

of Wichita County, Texas

(TC # 169,074-B)



 

 

 




O P I N I O N

            Anthony Hill, pro se, appeals from an order dismissing his suit against Jeffrey Reilly,


 Shain
Lott, Clyde Hargrove, Tina Vitolo, Jason Williams, Major Harris, and E.C. Williams.


 We affirm.
FACTUAL SUMMARY
            Hill is an inmate confined in the Texas Department of Criminal Justice. Appellees are TDCJ
officials. On September 12, 2008, he filed suit against Appellees alleging assault, negligent
supervision, abuse of process, retaliation, intentional infliction of emotional distress, and false
imprisonment. According to the allegations in the petition, Lott used chemical agents in the housing
area containing Hill’s cell. Hill’s pleadings are accompanied by an affidavit of inability to pay court
costs. After filing an answer, Appellees filed a motion to dismiss under Chapter 14 of the Civil
Practice and Remedies Code. The trial court granted the motion without a hearing and dismissed
Hill’s suit.
INMATE LITIGATION
            Hill challenges the dismissal of his suit by three issues on appeal. In Issue One, he complains
that the court erred by dismissing his suit on the ground he did not comply with Section 14.005. In
Issue Two, Hill contends that he did not fail to file an affidavit relating to previous filings. In Issue
Three, he alleges that the court erred in finding his claims are frivolous. We will restrict our review
to Issue One because it is dispositive of the appeal.
            Hill’s suit is governed by Chapter 14 of the Civil Practice and Remedies Code which applies
to suits brought by an inmate in a district, county, justice of the peace, or small claims court


 in
which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex.Civ.Prac.&
Rem.Code Ann. § 14.002(a)(Vernon 2002); Garrett v. Borden, 283 S.W.3d 852, 853 (Tex. 2009). 
The Legislature enacted Chapter 14 of the Texas Civil Practice and Remedies Code to control the
flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume
many valuable judicial resources with little offsetting benefit. Bishop v. Lawson, 131 S.W.3d 571,
574 (Tex.App.--Fort Worth 2004, pet. denied); Thomas v. Knight, 52 S.W.3d 292, 294 (Tex.App.--Corpus Christi 2001, pet. denied). Chapter 14 grants Texas courts authority to dismiss inmate suits
if the inmate fails to satisfy certain procedural requirements or if the court finds that the suit is
frivolous or malicious. Tex.Civ.Prac.&Rem.Code Ann. §§ 14.003(a)(1)-(3).
            We review the dismissal of an indigent inmate’s claim under Chapter 14 for an abuse of
discretion. Bishop, 131 S.W.3d at 574; Samuels v. Strain, 11 S.W.3d 404, 406 (Tex.App.--Houston
[1st Dist.] 2000, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably,
without regard to guiding legal principles, or without supporting evidence. K-Mart Corp. v.
Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000).
Failure to Exhaust Administrative Remedies
            Appellees moved for dismissal on the ground that Hill had not exhausted his administrative
remedies and had failed to comply with the requirements of Section 14.005(a). Section 501.008 of
the Texas Government Code requires the Department of Criminal Justice to maintain a system to
resolve inmate grievances. Tex.Gov’t Code Ann. § 501.008 (Vernon 2004). Under Section
501.008(d), an inmate may not file a claim in state court regarding operative facts for which the
grievance system provides the exclusive administrative remedy until (1) the inmate receives a written
decision issued by the highest authority provided for in the grievance system; or (2) if the inmate has
not received a written decision described by Subdivision (1), the 180th day after the date the
grievance is filed. Tex.Gov’t Code Ann. § 501.008(d).
            Section 14.005, entitled “Grievance System Decision; Exhaustion of Administrative
Remedies,” provides:
(a) An inmate who files a claim that is subject to the grievance system established
under Section 501.008, Government Code, shall file with the court:
 
(1) an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision described by
Section 501.008(d), Government Code, was received by the inmate;
and
 
(2) a copy of the written decision from the grievance system. 
 
(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st
day after the date the inmate receives the written decision from the grievance system. 
[Emphasis added].

Tex.Civ.Prac.&Rem.Code Ann. § 14.005(a), (b). The statute’s requirement that the inmate file
copies of his grievance and the written decision on the grievance serves two purposes. First, the
inmate will demonstrate through compliance that he has exhausted his administrative remedies. See
Tex.Civ.Prac.&Rem.Code Ann. § 14.005(a); Garrett, 283 S.W.3d at 853; Smith v. Texas Dept.
of Criminal Justice-Institutional Division, 33 S.W.3d 338, 341 (Tex.App.--Texarkana 2000, pet.
denied). Given that Section 501.008 of the Government Code precludes an inmate from filing suit
until he has exhausted his remedies through the grievance system, an inmate’s failure to provide the
required information subjects his suit to dismissal. See Smith, 33 S.W.3d at 341. The second
purpose served by Section 14.005(a)’s requirements is that the information provided by the inmate
will enable the trial court to determine whether the inmate has filed his claim within the time period
specified by subsection (b). See Moore v. Zeller, 153 S.W.3d 262, 264 (Tex.App.--Beaumont 2004,
pet. denied); but see Francis v. TDCJ-CID, 188 S.W.3d 799, 803-04 (Tex.App.--Fort Worth 2006,
no pet.)(holding that even in absence of copy of written decision, inmate’s affidavit and notations
on grievance form provided trial court with information necessary to determine whether inmate’s
suit was filed within statutory time period). If the inmate does not file his suit within the time period,
the trial court is required to dismiss the suit. Tex.Civ.Prac.&Rem.Code Ann. § 14.005(b).
            TDCJ’s inmate grievance procedure is a two-step process outlined in TDCJ’s Offender
Orientation Handbook, which is distributed to inmates upon their confinement within the corrections
system. See Texas Department Of Criminal Justice, Offender Orientation Handbook (2004).


 The
Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence. 
If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance. 
Inmates are advised that the Step 1 process may take up to 40 days from the date the unit grievance
office receives the Step 1 form, and the Step 2 process may take up to 35 days, but an extension may
be necessary if additional time is required to conduct an investigation. In that case, the inmate will
be advised in writing if an extension is necessary at either Step 1 or Step 2. Inmates are instructed
in the handbook to present only one issue per grievance and to not repeatedly grieve the same issue. 
The grievance system restricts the issues which are grievable and it provides for the return of
grievances if the inmate fails to meet certain requirements, but grievances generally may be corrected
and resubmitted.
            Pursuant to Section 14.005, Hill filed an unsworn declaration relating to his grievances. 
Hill’s declaration listed four Step 1 grievances filed in connection with the use of force incident and
its disciplinary consequences: (1) on June 24, 2008, Hill filed a Step 1 grievance against Reilly, Lott,
Harris, Hargrove, and Warden Williams regarding Lott’s use of excessive force; (2) on July 4, 2008,
Hill filed a Step 1 grievance against Hargrove, Lt. P. Skeltors, and Vitolo for downgrading his
custody status based on a false disciplinary charge for rioting; he also alleged these individuals
participated in the cover-up of Lott’s use of excessive force; (3) on July 7, 2008 he filed a Step 1
grievance against Captain Williams for conspiring with Warden Williams and Hargrove to illegally
detain Hill in administrative segregation on a false disciplinary charge written by Reilly; and (4) on
July 21, 2008, he filed a Step 1 grievance against Harris for placing him in administrative
segregation based on a false disciplinary charge written by Reilly. Hill attached a copy of a Step 1
grievance filed on June 25, 2008 (grievance # 2008168427) addressing his use of force complaint
against Lott and Reilly. Hill also attached a copy of a Step 2 grievance filed on July 7, 2008
(grievance # 2008168427). The Step 2 grievance includes Hill’s complaint about the use of force,
but Hill added other matters not included in the Step 1 grievance, including allegations that Warden
Williams failed to take corrective action against Reilly and Lott for the use of force and for falsifying
their reports which resulted in disciplinary action being taken against Hill. Hill’s declaration states
that he received a written decision on this Step 2 grievance on August 13, 2008. He did not attach
a copy of the written decision on this grievance or any of the other grievances as required by Section
14.005(a)(2). 
            In Garrett v. Borden, the Supreme Court construed the word “copy” as used in Section
14.005(a)(2) to include something other than a mechanical reproduction, and it held that the inmate’s
hand-typed, verbatim reproduction of the written decision on the inmate’s grievance complied with
the statute’s requirement to provide a copy of the grievance system’s written decision for purposes
of demonstrating that the inmate exhausted administrative remedies. Garrett, 283 S.W.3d at 853. 
Here, Hill related in his declaration that he received a response indicating that a use of force had
occurred and his Step 1 grievance regarding the major use of force was going to be reviewed by
regional staff. Hill was also advised that administrative action, if deemed necessary, would be taken
at that time. Unlike what occurred in Garrett, Hill did not provide a verbatim reproduction of the
written decision on his Step 2 grievance. We conclude that the statements in Hill’s declaration
describing the written decision on the Step 2 grievance do not constitute a “copy” of the written
decision as contemplated by either Section 14.005(a)(2) or Garrett.
            The Fort Worth Court of Appeals excused an inmate litigant’s failure to comply with Section
14.005(a)(2) in Francis v. TDCJ-CID because the court found that the information necessary to
determine whether the inmate filed his suit within the statutory time period was supplied by the
inmate’s affidavit and notations found on the face of the grievance forms. Francis, 188 S.W.3d at
803-04. Although the defendant moved to dismiss the inmate suit because the inmate had not shown
he had exhausted his administrative remedies or that he had timely filed his suit, the court of appeals
focused most of its discussion on the issue of the suit’s timeliness. The opinion suggests, however,
that an inmate is not required to file a copy of the written decision if the necessary information is
included in the affidavit or unsworn declaration. The court of appeals discussed its decision in
Bishop v. Lawson, 131 S.W.3d 571 (Tex.App.--Fort Worth 2004, pet. denied) which affirmed the
trial court’s dismissal of an inmate suit where the inmate filed a summary of his grievances but not
copies of the decisions themselves. Francis, 188 S.W.3d at 803. Francis critically notes that it had
affirmed the dismissal without discussing whether the necessary information was included in the
inmate’s summary. Francis, 188 S.W.3d at 803. 
            If this appeal originated in our own district, we would decline to follow Francis because we
believe it fails to construe Section 14.005 as written and in light of its purposes. The plain language
of Section 14.005(a)(2) requires the inmate to file a copy of the written decision in addition to his
affidavit or unsworn declaration. Statutes must be construed as written, and legislative intent
determined, if possible, from their express terms. Simonson v. Keppard, 225 S.W.3d 868, 879
(Tex.App.--Dallas 2007, no pet.), citing Helena Chemical Company v. Wilkins, 47 S.W.3d 486, 493
(Tex. 2001). Courts presume that the entire statute is to be effective and a just and reasonable result
is intended. In re S.S.A., --- S.W.3d ----, 2010 WL 703229 at *1 (Tex.App.--El Paso 2010, no pet.
h.); Simonson, 225 S.W.3d at 879. In interpreting a statute, a court shall diligently attempt to
ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy. 
Tex.Gov’t Code Ann. § 312.005 (Vernon 2005). Even if a statute is unambiguous, courts may
consider the statute’s objective; circumstances of its enactment; its legislative history; and
consequences of a particular construction. University of Texas Health Sciences Center at Houston
v. Gutierrez, 237 S.W.3d 869, 873 (Tex.App.--Houston [1st Dist.] 2007, pet. denied), citing
Simonson, 225 S.W.3d at 880. We should also read every word, phrase, and expression in a statute
as if it were deliberately chosen, and likewise presume that words excluded from the statute are done
so purposefully. In re S.S.A., 2010 WL 703229 at *1; Gutierrez, 237 S.W.3d at 873, citing
Simonson, 225 S.W.3d at 880.
            Given that the purpose of Chapter 14 is to control the flood of frivolous lawsuits being filed
in Texas courts by prison inmates, we believe that Section 14.005’s requirements must be strictly
construed. Providing a copy of the written decision on his grievance is necessary for an inmate to
show he has exhausted his administrative remedies as required by Section 501.008 of the
Government Code. If the Legislature had intended for this showing to be satisfied by a statement
included in the inmate’s affidavit or unsworn declaration that he had received a written decision on
his grievance, the Legislature could have easily said so and it would not have required the inmate
to submit a copy of the written decision in addition to the affidavit or declaration. While a trial court
might be able to determine from the inmate’s affidavit and notations on the grievance forms that
some kind of decision was made on a certain date by someone in the grievance system, a copy of the
written decision must be examined to determine whether the inmate has in fact exhausted his
administrative remedies. 
            To the extent Francis holds than an inmate can establish he has exhausted his administrative
remedies as required by Section 14.005 without providing a copy of the written decision, we would
ordinarily decline to follow it. We would instead hold that Hill failed to establish he exhausted his
administrative remedies because he failed to provide a copy of the written decision. But because this
is a transfer case, we must apply precedent of the Second Court of Appeals if our decision would
otherwise be inconsistent with the transferor court’s precedent. See Tex.R.App.P. 41.3.
            Applying Francis to the facts of this case, we find that Hill has not provided adequate
information to determine he has exhausted his administrative remedies. Hill’s declaration indicates
that TDCJ authorities were continuing to investigate his use of force complaint. The grievance
system contemplates that TDCJ may take additional time to conduct an investigation. Consequently,
Hill has not established he has received a written decision on the portion of his grievance concerning
the use of force. Further, there is nothing in the declaration or the attachments indicating Hill has
received a written decision on his other complaints related to the alleged conspiracy to cover up the
use of force incident and the disciplinary actions taken against Hill. The trial court did not abuse its
discretion by dismissing Hill’s suit for failure to comply with Section 14.005. We overrule Issue
One and affirm the judgment of the trial court.

August 31, 2010                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Chew, C.J., McClure, and Rivera, JJ.