# NO. 12-09-00098-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROY E. ADDICKS, JR.,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *NATHANIEL QUARTERMAN, ET AL,* *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Roy E. Addicks, Jr., appeals from the trial court's dismissal of his suit under chapter fourteen of the Texas Civil Practice and Remedies Code. He raises six issues on appeal. We affirm.

## BACKGROUND

Addicks, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), filed suit in November 2009, claiming that Nathaniel Quarterman, Dwayne E. Dewberry, Eddie D. Baker, Lynwood B. Cook, James L. Kelley, Guy K. Ferguson, and Kelli Ward (Appellees), employees of TDCJ, violated his civil rights. Specifically, Addicks alleged that he filed an administrative complaint concerning continual violations of TDCJ's "ingress/egress" policy by Sergeant Guy Ferguson. Addicks asserted that once he informed Sergeant Ferguson that he had filed the complaint, Sergeant Ferguson retaliated against him by conducting a search in Addicks's cell and confiscating the shoestrings[1] he used to hang laundry. Addicks claimed that, due to his disability, he needed the items because he could not do laundry in the same manner as normal inmates. The items were determined to be contraband, and

---

[1] Addicks claims the items were shoestrings, but the report identifies the items as torn sheets.

1

Addicks received an administrative punishment of restriction to his cell for thirty days and forfeiture of his commissary privileges. Addicks contended that Sergeant Ferguson's retaliatory actions and the seizure of the items used to make his laundry line violated the Americans with Disabilities Act and several provisions of the United States and Texas constitutions. The trial court dismissed the suit as frivolous or malicious. Addicks appealed.[2]

## THE TRIAL COURT'S DISMISSAL OF ADDICKS'S LAWSUIT

In his second issue, Addicks argues that the trial court abused its discretion in dismissing his suit as frivolous or malicious.

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).

### Applicable Law

Chapter fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs.[3] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at

---

[2] Addicks filed a ninety-seven page brief, and this court ordered him to file an amended brief no longer than fifty pages. *See* TEX. R. APP. P. 38.4 (appellant's brief to be no longer than fifty pages, excluding certain pages specified in the rule). Appellant filed an amended brief that was seventy-seven pages long. We again ordered him to reduce his brief's length to no more than fifty pages. He did not comply, and we struck the portion of his brief in excess of the fifty page limit.

[3] Chapter fourteen does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (Vernon 2002).

398. The inmate must comply with the procedural requirements set forth in chapter fourteen. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit. ***Brewer v. Simental***, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.) (citing ***Bell v. Texas Dep't of Crim. Justice-Institutional Div.***, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the inmate must properly exhaust his administrative remedies by completing the grievance process. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002); ***Leachman v. Dretke***, 261 S.W.3d 297, 308-10 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (describing grievance process). Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative Remedies," provides as follows:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
>
> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id.* § 14.005(a), (b). These requirements serve two purposes. First, the inmate will demonstrate through compliance that he has exhausted his administrative remedies, and second, the information provided by the inmate will enable the court to determine whether the inmate has filed his claim within the requisite time period. *See* ***Garrett v. Borden***, 283 S.W.3d 852, 853 (Tex. 2009); ***Hill v. Reilly***, No. 08-09-00208-CV, 2010 WL 3410506, at *2 (Tex. App.—El Paso Aug. 31, 2010, pet. filed). An inmate's failure to provide the required information subjects his suit to dismissal. ***Hill***, 2010 WL 3410506, at *2. TDCJ's inmate grievance procedure is a two-step process outlined in its Offender Orientation Handbook,[4] which is distributed to inmates upon their confinement within the corrections system. *See* ***id***. The step one grievance must be filed

---

[4] *See* TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK (2004), available at www.tdcj.state.tx.us/publications/cid/ publications-cid-offender-orientation-handbook.htm.

3

within fifteen days from the date of the alleged incident or occurrence. *Id.* If the inmate receives an adverse step one decision, the inmate has fifteen days to file a step two grievance. *Id.* The grievance system restricts the issues that are grievable, and it provides for the return of grievances if the inmate fails to meet certain requirements, but grievances generally may be corrected and resubmitted. *Id.*

Another procedural requirement, section 14.004, entitled "Affidavit Relating to Previous Filings," requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit or declaration setting out the following information:

> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and
>
> (2) describing each suit that was previously brought by:
>
>> (A) stating the operative facts for which relief was sought;
>>
>> (B) listing the case name, cause number, and the court in which the suit was brought;
>>
>> (C) identifying each party named in the suit; and
>>
>> (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a).

Substantial compliance with the affidavit of previous filings requirement has been held to be sufficient. *Gowan v. TDCJ*, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.) (affidavit of previous suits requirement met when only missing information was cause number). However, the inmate must always include a sufficient description of the operative facts of prior suits, because that is the only way in which a court may evaluate whether the prior suit is substantially similar to the present suit. *See Bell*, 962 S.W.2d at 158. The inmate's failure to sufficiently describe the operative facts of his past suits in his affidavit entitles the trial court to presume that the instant suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See id.* Accordingly, a trial court may dismiss an indigent inmate's suit as frivolous or malicious when an inmate fails to comply with the statutory requirements of section 14.004. *See id.*

4

**Discussion**

Addicks filed his section 14.005 affidavit in an attempt to comply with the exhaustion of remedies requirement. In the affidavit, Addicks does not identify the date that the step one grievance was filed, which is a requirement of the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1).

Addicks attached as part of the appendix to his appellate brief what appears to be the official step one grievance. But the trial court did not have this document before it when it dismissed the suit. Moreover, we may not consider a document attached as an appendix to a brief and must consider a case based upon the record filed. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Rasberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (reasoning that documents attached to pro se brief could not be considered on appeal because they were not part of the record); *Nabelek v. District Attorney of Harris County*, 290 S.W.3d 222, 232 n.11 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (applying rule that no document appearing only in appendix can be considered in chapter fourteen inmate suit). Addicks did hand type the step one grievance response as part of his exhaustion of administrative remedies affidavit, as he was entitled to do. *See Garrett*, 283 S.W.3d at 853. But nowhere does any document in the official appellate record identify the date that he filed his step one grievance. Consequently, the record does not show that Addicks complied with section 14.005. Therefore, dismissal was proper, even though the trial court dismissed the claim as frivolous. *See Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) (holding appellate court may affirm dismissal for failure to exhaust administrative remedies even if that ground was not basis of trial court's dismissal in inmate suit subject to chapter fourteen).

Alternatively, the trial court could have also found that the suit was frivolous because Appellant failed to adequately disclose the operative facts of all suits listed in his affidavit under section 14.004. Addicks filed his affidavit identifying eighteen past suits. He provided detailed statements of the operative facts in some of the suits listed in his affidavit and vague statements of the operative facts in others. As noted above, when, as here, the affidavit fails to identify the operative facts of some of the inmate's past suits, the trial court is entitled to presume that the claims are substantially similar to the claims in the present suit, and therefore, frivolous. *See Bell*, 962 S.W.2d at 158.

Appellant's second issue is overruled.

## THE TRIAL COURT'S DENIAL OF A HEARING

In his first issue, Addicks asserts that the trial court abused its discretion in dismissing his suit sua sponte, without holding a hearing or issuing an inmate questionnaire under Texas Civil Practice and Remedies Code section 14.012.

It is settled that a trial court is not required to conduct a hearing before dismissing a suit under section 14.003. *Nabelek*, 290 S.W.3d at 232. Likewise, a hearing is not required when the inmate failed to exhaust his administrative remedies. *McCray v. Scott*, No. 09-01-366-CV 2002 WL 940116, at *1 (Tex. App.—Beaumont May 9, 2002, no pet.) (per curiam) (mem. op., not designated for publication). In the instant case, we have held that Addicks failed to show that he exhausted his administrative remedies. Therefore, Appellant was not entitled to a hearing.

Finally, section 14.012 states that a court "*may* develop, for use in that court, a questionnaire to be filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.012 (Vernon 2002) (emphasis added). The language in the statute is discretionary, and the trial court is not required to establish or issue questionnaires to inmates in *in forma pauperis* lawsuits.

Appellant's first issue is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his third issue, Addicks contends that the trial court erred in failing to issue findings of fact and conclusions of law upon his request.

In any nonjury case tried in a district or county court, a party may file a request for the trial court to issue written findings of fact and conclusions of law, so long as the request is filed within twenty days after the judgment is signed. *See* TEX. R. CIV. P. 296. Additionally, the trial court "shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." TEX. R. CIV. P. 297.

The trial court has no duty to file findings of fact or conclusions of law where there has been no trial or evidentiary hearing. *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.). This rule has been applied to indigent pro se inmate suits under chapter fourteen. *See Teague v. Livingston*, No. 01-10-00075-CV, 2010 WL 4056853, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet. h.) (mem. op., not designated for

6

publication). Here, the trial court dismissed Addicks's case without a trial and without holding an evidentiary hearing. Therefore, the court was not required to file findings of fact and conclusions of law. *See id.* Accordingly, we hold that the trial court did not err in denying Addicks's request for findings of fact and conclusions of law.

Addicks's third issue is overruled.

## CONSTRUCTION OF PRO SE PLEADINGS

In his fourth issue, Addicks argues that the trial court "erred and abused its discretion by failing to liberally construe his pro se pleadings." Addicks asserts that, had the trial court construed his pleading liberally, as it is required to do, the trial court would have concluded that the suit had merit and would not have dismissed it.

It is clear that the trial court is not required to consider the factual basis for the suit, determine whether the suit is meritorious, or to otherwise construe the pleadings in any manner when the suit was dismissed for failure to properly complete the affidavit of past claims, to exhaust administrative remedies, or to comply with the other procedural requirements of chapter fourteen. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003-.005, 14.006(f) (Vernon 2002).

To the extent that Addicks argues that the trial court should have allowed leniency in his compliance with the requirements of chapter fourteen, it has been held that while pro se pleadings and briefs are to be liberally construed, pro se litigants are held to the same standards as licensed attorneys and must comply with rules of procedure and applicable laws. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). To hold otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See Shull*, 4 S.W.3d at 53. Addicks was required to comply with chapter fourteen's requirements, which he failed to do. Since the trial court acted within its discretion to dismiss Addicks's suit, it was not required to construe Addicks's pleadings to determine whether his claims were meritorious under the applicable legal standard.

Addicks's fourth issue is overruled.

## DISCOVERY CONTROL PLAN

In his fifth issue, Addicks contends the trial court abused its discretion in failing to order a level three discovery control plan. However, the argument portion of Addicks's brief on his fifth issue was stricken for his repeated failure to comply with the fifty-page briefing limitation, and we need not consider it. *See Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.); *Salazar v. Dickey*, No. 04-08-00022-CV, 2010 WL 307852, at *5 (Tex. App.—San Antonio Jan. 27, 2010, pet denied) (mem. op., not designated for publication). Moreover, the issue is moot because we have held that Appellant's suit was properly dismissed.

Addicks's fifth issue is overruled.

### APPOINTMENT OF COUNSEL

In his sixth issue, Addicks claims that the trial court committed error in not appointing counsel to represent him. As with Addicks's fifth issue, we are not required to consider the merits of this issue because that portion of his brief was stricken. But even if we were to consider the issue, Appellant admits that he never specifically requested counsel, and our review of the record does not disclose such a request. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. *See* TEX. R. APP. P. 33.1(a); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992). Should a party fail to do so, error is not preserved and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). Because Addicks did not request appointment of counsel, he waived this issue. Furthermore, even if Addicks had requested appointment of counsel, an indigent inmate does not have an absolute right to appointed counsel in a civil case merely because the inmate's suit is against an employee of the prison in which the inmate is incarcerated. *Gibson v. Tolbert*, 102 S.W.3d 710, 711 (Tex. 2003). The decision to appoint counsel for such an inmate is a matter for the trial court's discretion. *Id.* at 712-13.

Addicks's sixth issue is overruled.

### DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

9