JURISDICTIONAL DEFECT

CAUSE NUMBER: 12-15-00190-CV

TRIAL COURT NUMBER: 3-42362

IN RE BILLY ROSS SIMS, pro se § IN THE
           Relator § 12th COURT OF APPEALS
                   § AT TYLER, TEXAS
                   §

FILED IN COURT OF APPEALS
12th Court of Appeals District
JUL 29 2015
ellm
TYLER TEXAS
CATHY S. LUSK, CLERK

MOTION FOR THE SUSPENSION OF OPERATION OF RULES
PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE RULE 2

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Relator, Billy Ross Sims, (Sims), pro se, and files this Motion for Suspension of Operation of Rules under TRAP Rule 2, and would show the Court the following:

JURISDICTION: This Court has jurisdiction over the trial court.

1. Relator is a State prisoner of the TDCJ. It appears that Rule 9.3 requires filing of an original and multiple copies. Relator has no outside help and no access to copy machines at the prison unit. The Court is asked to suspend Rule 9.3, and allow Sims to file only this original and no other copies. No parties other than the trial court judge and district clerk are involved at this stage of the proceeding, and no service of process was issued upon the named defendants in the civil suit.

2. With no service of process, there were no parties to confer with other than the court judge and district clerk to see if they would oppose this motion, and the Court is asked to suspend TRAP Rule 10.

3. Relator asserts that this appellate process is only necessary due to a bad faith ruling by the trial court judge intended to dismiss Relator's consitutional claims without due process and without jurisdiction to enter an Order that included imposition of cost and fees.

1

4. TRAP Rule 2 allows the Court of Appeals to order a different procedure, and Relator asks the court to review the trial court's ruling, in part, under TRAP Rule 24.4(a)(5) abuse of discretion under 24.3(a) for the reasons stated in the attached petition for writ of mandamus. In Ordering Dismissal of the claims under Chapter 14 Tex.Civ.Prac.Rem.Code, the trial court called the claims 'frivolous' and imposed costs and fees and order the department to seize Relator's trust fund account, which it did, and Relator has suffered irrepairable harm, because State Law in RIOS vs CALHOON, 889 SW2 257, 258-59 (Texas 1004) holds that the trial court had no jurisdiction to impose costs and fees because no challenge was made to the In Forma Pauperis Application. Also, the law states that it is imroper, at the pleading stage to dismiss an inmate's civil suit without any factfinding, and the trial court failed to provide any due process protections at the pleading stage, when Texas operates on notice pleading and Sims' complaint complied with the law.

The trial court initialed the Order of Dismissal on June 30, 2015, and timed the mailing to arrive at the prison at the same time the Relator's Veteran Benefit and the Order of Dismissal cause the prison to seize the funds that are exempt from seizure, levy, attachment or assignment. It was an abuse of discretion not only to dismiss the claims at the pleading stage, but also the court knew or should have known it had no jurisdiction to impose cost and fees.

5. Relator has started the appellate process in a timely manner by filing a request for findings of fact and conclusions of law with the trial court, which extends the deadline for filing the notice of appeal to 90 days under TRAP Rule 25.1(a)(4). However, this creates a problem:

2

An appeal requires Relator to file the notice of appeal with the trial court clerk and it is the trial court that determines if an appeal is 'frivolous;' see Chapter 13.003(a) Civ.Prac.Rem.Code and while Chapter 13 isn't applicable to prisoner litigation, see 13.004, Chapter 14 was fashioned on Chapter 13, and this would force Relator to go through a trial court that has failed to provide a neutral and detached hearing officer in order to achieve an appeal to this court. The trial court hearing officer would have an incentive to prevent an appeal by Relator to ask this court to review the void Order of Dismissal that is based on abuse of the court's discretion and lack of jurisdiction.

Chapter 14 TCPR code seems to refer to inmate litigation against 'the department;' see 14.001(2), and Relator's suit is not against the 'department' and should not be applicable to suits filed against elected and appointed state officials in their individual capacities. The statute doesn't mention anyone else in its scope. Since the department isn't a party to the litigation, Chapter 14 should not apply, and Relator asks the Court to suspend that rule as well.

This Court is asked to Order a different procedure and allow Relator to file his notice of appeal with this court at the appropriate time; suspending Rule 25.1(b) and (e).

6. Because there was no due process hearing in the trial court, as permitted by 14.003(c) and 14.008(a)(b), there is no reporter's record; however, the clerk's record is important to this appellate review and Relator cannot afford to pay for copies, and this court is asked to order the trial court clerk to produce the clerk's record under TRAP Rule 34 and 35. Also, that it will Order that the Relator's typed verbatim copies of the partial clerk's record

3

attached as Exhibits to the underlying petition for writ of mandamus be deemed suitable under GARRETT vs BORDEN, 283 SW3d 852 (Texas 2009).

7. Under the prison mailbox rule, Relator filed a timely request for findings of fact and conclusions of law with the trial court on July 8, 2015. The case was tried under Chapter 14.003(a), (b), without a jury and before service of process on the defendants and the court hearing official relied solely on 14.003(a)(2) 'frivolous' without explaining how the law applied to the facts or the facts applied to the law. This Court is asked to find that Rule 25.1(a)(4) is relevant and that if findings of fact and conclusions of law are not required by the rules of civil procedure that they could properly be considered by the appellate court in determining if the trial court abused its discretion, because Relator asserts that the constitutional claims he raised are not 'frivolous' under the State's definition, and that 'notice pleading' statements that state officials are violating the relator's equal protection rights and imposing a new law in an ex post facto, retroactive manner and how this is occurring, are not in fact 'frivolous' claims, and call for factfinding. 'Frivolous' might be a claim like 'the department isn't selling me chunky peanut butter' but, the department isn't a party to the litigation sub judice and Relator's short, plain notice pleading statements complied with State law and are not 'frivolous' by definition, thus the trial court official abused the court's discretion at the pleading stage referring to Chapter 14, et seq to dismiss relator's claims. This Court is asked to require the trial court to produce findings of fact and conclusions of law for this appellate review.

4

## PRAYER

This Court is asked to suspend the operation of the Rules set forth above and grant this motion to provide relator with equitable relief. The Court is asked to waive its filing fee in the interest of justice and allow relator to proceed in forma pauperis during the petition for writ of mandamus.

Further that the Court allow relator to file only this original copy of the motion sub judice, and, the petition for writ of mandamus. The Court is asked to suspend Rule 10; and review the trial court's abuse of discretion, in part under Rule 24.3(a) and 24.4(a)(5); and that under RIOS, supra, find the trial court had no jurisdiction to impose cost and fees because no challenge was made to the IFP application. The Court is asked to accept the Exhibits in the appendix of the petition for writ of mandamus as adequate under GARRETT, supra, and Order the trial court clerk to produce the Clerk's Record in its entirety, including relator's request for findings of fact and conclusions of law. The Court is asked to suspend TRAP Rule 52.3 (j)(1)(C), and take judicial notice of its own records, as relator does not have the capacity to copy and mail the texts of the case-law or statutes, or Rules of Civil Procedure, or Appellate Procedure or Civil Practices & Remedies Code referred to above. This Court is asked to suspend TRAP Rule 25 and allow relator to file his notice of appeal with the clerk of this court and send a copy to the trial court clerk. Respectfully prayed for.

## VERIFICATION

I, Billy R. Sims, #511649, being presently incarcerated in the TDCJ, Powledge Unit, declare under penalty of perjury that the foregoing is true and correct of my own beliefs, signed this 27th Day of July, 2015.

BILLY R. SIMS, 511649
1400 FM 3452, Palestine, TX 75803