NO. 12-09-00098-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROY E. ADDICKS, JR.,                               §                      APPEAL
FROM THE THIRD

APPELLANT

                                                                        

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

NATHANIEL QUARTERMAN, ET AL,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

            Roy
E. Addicks, Jr., appeals from the trial court’s dismissal of his suit under
chapter fourteen of the Texas Civil Practice and Remedies Code.  He raises six
issues on appeal.  We affirm.

 

Background

Addicks,
an inmate in the Texas Department of Criminal Justice-Institutional Division
(TDCJ), filed suit in November 2009, claiming that Nathaniel Quarterman, Dwayne
E. Dewberry, Eddie D. Baker, Lynwood B. Cook, James L. Kelley, Guy K. Ferguson,
and Kelli Ward (Appellees), employees of TDCJ, violated his civil rights. 
Specifically, Addicks alleged that he filed an administrative complaint
concerning continual violations of TDCJ’s “ingress/egress” policy by Sergeant
Guy Ferguson.  Addicks asserted that once he informed Sergeant Ferguson that he
had filed the complaint, Sergeant Ferguson retaliated against him by conducting
a search in Addicks’s cell and confiscating the shoestrings[1] he used to hang laundry. 
Addicks claimed that, due to his disability, he needed the items because he
could not do laundry in the same manner as normal inmates.  The items were
determined to be contraband, and Addicks received an administrative punishment
of restriction to his cell for thirty days and forfeiture of his commissary privileges. 
Addicks contended that Sergeant Ferguson’s retaliatory actions and the seizure
of the items used to make his laundry line violated the Americans with
Disabilities Act and several provisions of the United States and Texas constitutions. 
The trial court dismissed the suit as frivolous or malicious.  Addicks
appealed.[2]

 

The Trial Court’s Dismissal of Addicks’s
Lawsuit

In
his second issue, Addicks argues that the trial court abused its discretion in
dismissing his suit as frivolous or malicious.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.—Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.—Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was
proper under any legal theory.  Johnson v. Lynaugh, 796 S.W.2d
705, 706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810
(Tex. App.—Waco 1991, writ denied).  The trial courts are given broad
discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the
cost of an in forma pauperis suit; (3) sanctions are not effective; and
(4) the dismissal of unmeritorious claims accrue to the benefit of state
officials, courts, and meritorious claimants.  See Montana v.
Patterson, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ).

Applicable
Law

Chapter
fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate in which the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[3]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in chapter fourteen.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.) (citing Bell
v. Texas Dep’t of Crim. Justice-Institutional Div., 962 S.W.2d 156, 158
(Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

One
such procedural requirement is that the inmate must properly exhaust his
administrative remedies by completing the grievance process.  Tex. Civ. Prac. & Rem. Code Ann. §
14.005 (Vernon 2002); Leachman v. Dretke, 261 S.W.3d 297, 308-10
(Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g) (describing grievance
process).  Section 14.005, entitled “Grievance System Decision; Exhaustion of
Administrative Remedies,” provides as follows:

 

     (a) An inmate who files a claim that is subject
to the grievance system established under Section 501.008, Government Code,
shall file with the court:

 

(1) an affidavit or unsworn declaration stating the
date that the grievance was filed and the date the written decision described
by Section 501.008(d), Government Code, was received by the inmate; and

 

(2) a copy of the written decision from the grievance
system.

 

     (b) A court shall dismiss a claim if the inmate
fails to file the claim before the 31st day after the date the inmate receives
the written decision from the grievance system.

 

 

Id.
§ 14.005(a), (b).  These requirements serve two purposes.  First, the inmate
will demonstrate through compliance that he has exhausted his administrative
remedies, and second, the information provided by the inmate will enable the
court to determine whether the inmate has filed his claim within the requisite
time period.  See Garrett v. Borden, 283 S.W.3d 852, 853 (Tex.
2009); Hill v. Reilly, No. 08-09-00208-CV, 2010 WL 3410506, at *2
(Tex. App.—El Paso Aug. 31, 2010, pet. filed).  An inmate’s failure to provide
the required information subjects his suit to dismissal.  Hill,
2010 WL 3410506, at *2.  TDCJ’s inmate grievance procedure is a two-step
process outlined in its Offender Orientation Handbook,[4] which is distributed to
inmates upon their confinement within the corrections system.  See id. 
The step one grievance must be filed within fifteen days from the date of the
alleged incident or occurrence.  Id.  If the inmate receives an
adverse step one decision, the inmate has fifteen days to file a step two
grievance.  Id.  The grievance system restricts the issues that
are grievable, and it provides for the return of grievances if the inmate fails
to meet certain requirements, but grievances generally may be corrected and
resubmitted.  Id.

Another
procedural requirement, section 14.004, entitled “Affidavit Relating to
Previous Filings,” requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or
declaration setting out the following information:

 

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

 

(2) describing each suit that was previously brought
by:

 

(A) stating the operative facts for which relief was
sought;

 

(B) listing the case name, cause number, and the court
in which the suit was brought;

 

(C) identifying each party named in the suit; and

 

(D) stating the result of the suit, including whether
the suit was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.

 

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a).

Substantial
compliance with the affidavit of previous filings requirement has been held to
be sufficient.  Gowan v. TDCJ, 99 S.W.3d 319, 322 (Tex.
App.—Texarkana 2003, no pet.) (affidavit of previous suits requirement met when
only missing information was cause number).  However, the inmate must always
include a sufficient description of the operative facts of prior suits, because
that is the only way in which a court may evaluate whether the prior suit is
substantially similar to the present suit.  See Bell, 962 S.W.2d
at 158.  The inmate’s failure to sufficiently describe the operative facts of
his past suits in his affidavit entitles the trial court to presume that the
instant suit is substantially similar to one previously filed by the inmate,
and therefore, frivolous.  See id.  Accordingly, a trial court
may dismiss an indigent inmate’s suit as frivolous or malicious when an inmate
fails to comply with the statutory requirements of section 14.004.  See id.


Discussion

Addicks
filed his section 14.005 affidavit in an attempt to comply with the exhaustion
of remedies requirement.  In the affidavit, Addicks does not identify the date
that the step one grievance was filed, which is a requirement of the statute.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(a)(1).

Addicks
attached as part of the appendix to his appellate brief what appears to be the
official step one grievance.  But the trial court did not have this document
before it when it dismissed the suit.  Moreover, we may not consider a document
attached as an appendix to a brief and must consider a case based upon the
record filed.  See Tex. R. App.
P. 34.1 (“The appellate record consists of the clerk’s record and, if
necessary to the appeal, the reporter’s record.”); Rasberry v. State,
535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (reasoning that documents attached
to pro se brief could not be considered on appeal because they were not part of
the record); Nabelek v. District Attorney of Harris County, 290
S.W.3d 222, 232 n.11 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)
(applying rule that no document appearing only in appendix can be considered in
chapter fourteen inmate suit).  Addicks did hand type the step one grievance
response as part of his exhaustion of administrative remedies affidavit, as he
was entitled to do.  See Garrett, 283 S.W.3d at 853.  But nowhere
does any document in the official appellate record identify the date that he
filed his step one grievance.  Consequently, the record does not show that
Addicks complied with section 14.005.  Therefore, dismissal was proper, even
though the trial court dismissed the claim as frivolous.  See Hamilton v.
Williams, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied)
(holding appellate court may affirm dismissal for failure to exhaust
administrative remedies even if that ground was not basis of trial court’s
dismissal in inmate suit subject to chapter fourteen). 

Alternatively,
the trial court could have also found that the suit was frivolous because
Appellant failed to adequately disclose the operative facts of all suits listed
in his affidavit under section 14.004.  Addicks filed his affidavit identifying
eighteen past suits.  He provided detailed statements of the operative facts in
some of the suits listed in his affidavit and vague statements of the operative
facts in others.  As noted above, when, as here, the affidavit fails to identify
the operative facts of some of the inmate’s past suits, the trial court is
entitled to presume that the claims are substantially similar to the claims in
the present suit, and therefore, frivolous.  See Bell, 962
S.W.2d at 158.

Appellant’s
second issue is overruled.

 

The Trial Court’s Denial of a Hearing

In
his first issue, Addicks asserts that the trial court abused its discretion in
dismissing his suit sua sponte, without holding a hearing or issuing an inmate
questionnaire under Texas Civil Practice and Remedies Code section 14.012.

It
is settled that a trial court is not required to conduct a hearing before
dismissing a suit under section 14.003.  Nabelek, 290 S.W.3d at
232.  Likewise, a hearing is not required when the inmate failed to exhaust his
administrative remedies.  McCray v. Scott, No. 09-01-366-CV 2002
WL 940116, at *1 (Tex. App.—Beaumont May 9, 2002, no pet.) (per curiam) (mem.
op., not designated for publication).  In the instant case, we have held that
Addicks failed to show that he exhausted his administrative remedies.  Therefore,
Appellant was not entitled to a hearing.

Finally,
section 14.012 states that a court “may develop, for use in that court,
a questionnaire to be filed by the inmate.”  Tex.
Civ. Prac. & Rem. Code Ann. § 14.012 (Vernon 2002) (emphasis
added).  The language in the statute is discretionary, and the trial court is
not required to establish or issue questionnaires to inmates in in forma
pauperis lawsuits.

Appellant’s
first issue is overruled.

 

Findings of Fact and Conclusions of Law

In
his third issue, Addicks contends that the trial court erred in failing to
issue findings of fact and conclusions of law upon his request. 

In
any nonjury case tried in a district or county court, a party may file a
request for the trial court to issue written findings of fact and conclusions
of law, so long as the request is filed within twenty days after the judgment
is signed.  See Tex. R. Civ. P.
296.  Additionally, the trial court “shall file its findings of fact and
conclusions of law within twenty days after a timely request is filed.”  Tex. R. Civ. P. 297.

The
trial court has no duty to file findings of fact or conclusions of law where
there has been no trial or evidentiary hearing.  Kendrick v. Lynaugh,
804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.).  This rule
has been applied to indigent pro se inmate suits under chapter fourteen.  See
Teague v. Livingston, No. 01-10-00075-CV, 2010 WL 4056853, at *2
(Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet. h.) (mem. op., not
designated for publication).  Here, the trial court dismissed Addicks’s case
without a trial and without holding an evidentiary hearing.  Therefore, the
court was not required to file findings of fact and conclusions of law.  See
id.  Accordingly, we hold that the trial court did not err in
denying Addicks’s request for findings of fact and conclusions of law.

Addicks’s
third issue is overruled.

 

 

Construction of Pro Se Pleadings

In
his fourth issue, Addicks argues that the trial court “erred and abused its
discretion by failing to liberally construe his pro se pleadings.”  Addicks
asserts that, had the trial court construed his pleading liberally, as it is
required to do, the trial court would have concluded that the suit had merit
and would not have dismissed it. 

It
is clear that the trial court is not required to consider the factual basis for
the suit, determine whether the suit is meritorious, or to otherwise construe
the pleadings in any manner when the suit was dismissed for failure to properly
complete the affidavit of past claims, to exhaust administrative remedies, or
to comply with the other procedural requirements of chapter fourteen.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.003-.005, 14.006(f) (Vernon 2002). 

To
the extent that Addicks argues that the trial court should have allowed
leniency in his compliance with the requirements of chapter fourteen, it has
been held that while pro se pleadings and briefs are to be liberally construed,
pro se litigants are held to the same standards as licensed attorneys and must
comply with rules of procedure and applicable laws.  See Shull v. United
Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet.
denied); White v. Cole, 880 S.W.2d 292, 294 (Tex. App.—Beaumont
1994, writ denied).  To hold otherwise would give pro se litigants an unfair
advantage over litigants represented by counsel.  See Shull, 4
S.W.3d at 53.   Addicks was required to comply with chapter fourteen’s
requirements, which he failed to do.  Since the trial court acted within its
discretion to dismiss Addicks’s suit, it was not required to construe Addicks’s
pleadings to determine whether his claims were meritorious under the applicable
legal standard.

Addicks’s
fourth issue is overruled.

 

Discovery Control Plan

            In
his fifth issue, Addicks contends the trial court abused its discretion in
failing to order a level three discovery control plan.  However, the argument
portion of Addicks’s brief on his fifth issue was stricken for his repeated
failure to comply with the fifty-page briefing limitation, and we need not
consider it.  See Meyer v. State, 310 S.W.3d 24, 26 (Tex.
App.—Texarkana 2010, no pet.); Salazar v. Dickey, No.
04-08-00022-CV, 2010 WL 307852, at *5 (Tex. App.—San Antonio Jan. 27, 2010, pet
denied) (mem. op., not designated for publication).  Moreover, the issue is
moot because we have held that Appellant’s suit was properly dismissed.  

            Addicks’s
fifth issue is overruled.

Appointment of Counsel

In
his sixth issue, Addicks claims that the trial court committed error in not
appointing counsel to represent him.  As with Addicks’s fifth issue, we are not
required to consider the merits of this issue because that portion of his brief
was stricken.  But even if we were to consider the issue, Appellant admits that
he never specifically requested counsel, and our review of the record does not
disclose such a request.  To preserve a complaint for our review, a party must
have presented to the trial court a timely request, objection, or motion that
states the specific grounds for the desired ruling.  See Tex. R. App. P. 33.1(a); State
Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241
(Tex. 1992). Should a party fail to do so, error is not preserved and the
complaint is waived.  See Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991).  Because Addicks did not request appointment of counsel, he waived
this issue.  Furthermore, even if Addicks had requested appointment of counsel,
an indigent inmate does not have an absolute right to appointed counsel in a
civil case merely because the inmate’s suit is against an employee of the
prison in which the inmate is incarcerated.  Gibson v. Tolbert,
102 S.W.3d 710, 711 (Tex. 2003).  The decision to appoint counsel for such an
inmate is a matter for the trial court’s discretion.  Id. at
712-13.  

Addicks’s
sixth issue is overruled. 

 

Disposition

            We affirm the
judgment of the trial court. 

 

 

 

                                                                                    James T. Worthen

                                                                              
               Chief Justice

 

 

 

Opinion delivered February 16,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)









[1] Addicks claims the items were
shoestrings, but the report identifies the items as torn sheets.

 





[2] Addicks filed a ninety-seven page brief, and this
court ordered him to file an amended brief no longer than fifty pages. See Tex. R. App. P. 38.4 (appellant’s brief
to be no longer than fifty pages, excluding certain pages specified in the
rule).  Appellant filed an amended brief that was seventy-seven pages long.  We
again ordered him to reduce his brief’s length to no more than fifty pages.  He
did not comply, and we struck the portion of his brief in excess of the fifty
page limit. 

 





[3] Chapter fourteen does not apply
to an action brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code Ann. 14.002(b) (Vernon 2002).





[4] See Tex. Dep’t of Criminal Justice, Offender
Orientation Handbook (2004), available at www.tdcj.state.tx.us/publications/cid/
publications-cid-offender-orientation-handbook.htm.