319 S.W.3d 796 (2010)
In the Matter of the Expunction of S.S.A.
No. 08-08-00293-CV.
Court of Appeals of Texas, El Paso.
March 2, 2010.
*797 Ralph E. Girvin, Assistant County Attorney, El Paso, TX, for appellant, County of El Paso.
*798 G. Daniel Mena, Attorney at Law, El Paso, TX, for appellee, S.S.A.
Before CHEW, C.J., McCLURE, and RIVERA, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
S.S.A. filed a petition for expunction of an arrest for the offense of sexual assault of a child. The trial court granted the petition, finding that the arrest was due to a mistake in fact, vitiating probable cause. The County of El Paso has appealed. We reverse and render judgment denying the petition for expunction.

EXPUNCTION OF RECORDS
In the County's sole point of error, it argues that the trial court abused its discretion in granting the expunction because S.S.A. presented no evidence of the statutory requirements. Tex.Code Crim.Proc. Ann. art. 55.01(a)(2)(A)(i)(Vernon 2006).

Standard of Review
Article 55.01 of the Texas Code of Criminal Procedure controls the right of a person who has been placed under arrest for either a felony or misdemeanor to have all records and files relating to the arrest expunged. TEX.CODE CRIM.PROC.ANN. art. 55.01(a). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. Collin County Criminal Dist. Attorney's Office v. Dobson, 167 S.W.3d 625, 626 (Tex.App.-Dallas 2005, no pet.). Because the statute requires strict compliance, courts have no equitable power to expunge criminal records. Id.
We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. Ex parte Jackson, 132 S.W.3d 713, 715 (Tex.App.-Dallas 2004, no pet.); see also Tex. Dep't of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex.2004); Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex.2002). We may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.1985); see Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992).

Statutory Construction of Article 55.01
Our primary objective in statutory construction is to give effect to the Legislature's intent. See State v. Shumake, 199 S.W.3d 279, 284 (Tex.2006). We seek that intent "first and foremost" in the statutory text. Lexington Ins. Co. v. Strayhorn, 209 S.W.3d 83, 85 (Tex.2006). "Where text is clear, text is determinative of that intent." Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009)(op. on reh'g), citing Shumake, 199 S.W.3d at 284; Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson, 209 S.W.3d 644, 651-52 (Tex.2006). We consider the words in context, not in isolation. State v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008), citing Texas Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex.2004); Taylor v. Firemen's and Policemen's *799 Civil Serv. Comm'n of City of Lubbock, 616 S.W.2d 187, 189 (Tex.1981); University of Tex. S.W. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 356 (Tex.2004); see Entergy Gulf States, 282 S.W.3d at 437 ("This general rule [that text is determinative of legislative intent] applies unless enforcing the plain language of the statute as written would produce absurd results;" also recognizing that legislative definitions of terms control over their ordinary meaning); TEX.GOV'T CODE ANN. § 311.011 (Vernon 2005)("[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage"). We should also read every word, phrase, and expression in a statute as if it were deliberately chosen, and likewise presume that words excluded from the statute are done so purposefully. See Gables Realty Ltd. P'ship v. Travis Central Appraisal Dist., 81 S.W.3d 869, 873 (Tex. App.-Austin 2002, pet. denied). Our analysis of the statutory text is also informed by the presumptions that "the entire statute is intended to be effective" and that "a just and reasonable result is intended," TEX. GOV'T CODE ANN. § 311.021(2) & (3), and consideration of such matters as "the object sought to be attained," "circumstances under which the statute was enacted," legislative history, and "consequences of a particular construction." Id. § 311.023(1), (2), (3), (5). However, only when the statutory text is ambiguous "do we `resort to rules of construction or extrinsic aids.'" Entergy Gulf States, 282 S.W.3d at 437, quoting In re Estate of Nash, 220 S.W.3d 914, 917 (Tex.2007).

The Statute
Art. 55.01. Right to Expunction
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
. . .
(2) each of the following conditions exist:
(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void. [Emphasis added].
TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i), (ii)(Vernon's Supp. 2008). We interpret paragraph (A) to be currently organized into:
(1) a main paragraph containing two alternatives, separated by the disjunctive `or'`an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, *800 the indictment or information has been dismissed or quashed';
(2) two subparagraphs within paragraph (A) that are also alternatives, separated by the disjunctive `or'`(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void';
(3) with the two sets of alternatives linked by the conjunction `and.'
See TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A); T.C.R. v. Bell County District Attorney's Office, 2009 WL 3319922, at *6, 7 (Tex.App.-Austin 2009, no pet.)(not designated for publication).

Analysis
S.S.A. was arrested on February 12, 2008 and was charged with sexual assault of a child. The case was presented to the district attorney's office in El Paso and it was declined. The record does not show that an indictment or information charging S.S.A. with commission of a felony was presented against him for the offense arising out of his arrest. Therefore, under Article 55.01(a)(2)(A)(i), he must show that the limitations period expired before the date on which a petition for expunction was filed under Article 55.02. See TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i). But the offense for which S.S.A. was arrested has no statute of limitations. See id. art. 12.01(1)(B)(Vernon Supp. 2009)(providing sexual assault under Section 22.011(a)(2) of the Texas Penal Code has no limitations period).[1] Because there is no limitations period applicable to the offense for which he was arrested, S.S.A. cannot satisfy at least one of the statutory requirements for obtaining an expunction. See id. art. 55.01(a)(2)(A)(i).
We understand that the Legislature wants to prohibit expunction when there is no limitations period and the defendant could theoretically be prosecuted at any time in the future. But in a case where the State has declined to prosecute the case and the trial court has found that the child victim lied about her age, there is very little chance the State will change its mind and prosecute. We believe this is an unfair application of the statute in this case. Perhaps the Legislature should amend the statute so that a defendant in these circumstances can also get his arrest record expunged when the State has declined the case and the trial court finds that the defendant was arrested because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the arrest.

CONCLUSION
Because the statute requires strict compliance, we must conclude that the trial court abused its discretion in granting the petition. We reverse and render judgment denying S.S.A.'s petition for expunction.
NOTES
[1] Section 22.011(a)(2)(A) of the Texas Penal Code states that a person commits an offense if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means.