COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTHONY HILL, | § | No. 08-09-00208-CV |
| Appellant, | § | Appeal from |
| v. | § | 78th District Court |
| JEFFREY REILLY, SHAIN LOTT, CLYDE HARGROVE, TINA VITOLO, MAJOR HARRIS, JASON WILLIAMS, AND E.C. WILLIAMS, | § § § | of Wichita County, Texas (TC # 169,074-B) |
| Appellees. | § | |

**O P I N I O N**

Anthony Hill, *pro se*, appeals from an order dismissing his suit against Jeffrey Reilly,[1] Shain Lott, Clyde Hargrove, Tina Vitolo, Jason Williams, Major Harris, and E.C. Williams.[2] We affirm.

**FACTUAL SUMMARY**

Hill is an inmate confined in the Texas Department of Criminal Justice. Appellees are TDCJ officials. On September 12, 2008, he filed suit against Appellees alleging assault, negligent supervision, abuse of process, retaliation, intentional infliction of emotional distress, and false imprisonment. According to the allegations in the petition, Lott used chemical agents in the housing area containing Hill's cell. Hill's pleadings are accompanied by an affidavit of inability to pay court costs. After filing an answer, Appellees filed a motion to dismiss under Chapter 14 of the Civil

---

[1] Hill spelled this defendant's name as "Riley" in his original petition, but the name is spelled "Reilly" in the defendants' answer and in the dismissal order.

[2] This case was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX.GOV'T CODE ANN. § 73.001 (Vernon 2005). We have applied precedent of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

Practice and Remedies Code. The trial court granted the motion without a hearing and dismissed Hill's suit.

## INMATE LITIGATION

Hill challenges the dismissal of his suit by three issues on appeal. In Issue One, he complains that the court erred by dismissing his suit on the ground he did not comply with Section 14.005. In Issue Two, Hill contends that he did not fail to file an affidavit relating to previous filings. In Issue Three, he alleges that the court erred in finding his claims are frivolous. We will restrict our review to Issue One because it is dispositive of the appeal.

Hill's suit is governed by Chapter 14 of the Civil Practice and Remedies Code which applies to suits brought by an inmate in a district, county, justice of the peace, or small claims court[3] in which the inmate files an affidavit or unsworn declaration of inability to pay costs. TEX.CIV.PRAC.& REM.CODE ANN. § 14.002(a)(Vernon 2002); *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). The Legislature enacted Chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefit. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex.App.--Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex.App.-- Corpus Christi 2001, pet. denied). Chapter 14 grants Texas courts authority to dismiss inmate suits if the inmate fails to satisfy certain procedural requirements or if the court finds that the suit is frivolous or malicious. TEX.CIV.PRAC.&REM.CODE ANN. §§ 14.003(a)(1)-(3).

We review the dismissal of an indigent inmate's claim under Chapter 14 for an abuse of discretion. *Bishop*, 131 S.W.3d at 574; *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex.App.--Houston

---

[3] Chapter 14 does not apply to an action brought under the Family Code. TEX.CIV.PRAC.&REM.CODE ANN. § 14.002(b).

[1st Dist.] 2000, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

*Failure to Exhaust Administrative Remedies*

Appellees moved for dismissal on the ground that Hill had not exhausted his administrative remedies and had failed to comply with the requirements of Section 14.005(a). Section 501.008 of the Texas Government Code requires the Department of Criminal Justice to maintain a system to resolve inmate grievances. TEX.GOV'T CODE ANN. § 501.008 (Vernon 2004). Under Section 501.008(d), an inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed. TEX.GOV'T CODE ANN. § 501.008(d).

Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative Remedies," provides:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
>> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; **and**
>>
>> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system. [Emphasis added].

TEX.CIV.PRAC.&REM.CODE ANN. § 14.005(a), (b). The statute's requirement that the inmate file

copies of his grievance and the written decision on the grievance serves two purposes. First, the inmate will demonstrate through compliance that he has exhausted his administrative remedies. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 14.005(a); *Garrett*, 283 S.W.3d at 853; *Smith v. Texas Dept. of Criminal Justice-Institutional Division*, 33 S.W.3d 338, 341 (Tex.App.--Texarkana 2000, pet. denied). Given that Section 501.008 of the Government Code precludes an inmate from filing suit until he has exhausted his remedies through the grievance system, an inmate's failure to provide the required information subjects his suit to dismissal. *See Smith*, 33 S.W.3d at 341. The second purpose served by Section 14.005(a)'s requirements is that the information provided by the inmate will enable the trial court to determine whether the inmate has filed his claim within the time period specified by subsection (b). *See Moore v. Zeller*, 153 S.W.3d 262, 264 (Tex.App.--Beaumont 2004, pet. denied); *but see Francis v. TDCJ-CID*, 188 S.W.3d 799, 803-04 (Tex.App.--Fort Worth 2006, no pet.)(holding that even in absence of copy of written decision, inmate's affidavit and notations on grievance form provided trial court with information necessary to determine whether inmate's suit was filed within statutory time period). If the inmate does not file his suit within the time period, the trial court is required to dismiss the suit. TEX.CIV.PRAC.&REM.CODE ANN. § 14.005(b).

TDCJ's inmate grievance procedure is a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their confinement within the corrections system. *See* Texas Department Of Criminal Justice, Offender Orientation Handbook (2004).[4] The Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence.

---

[4] The inmate grievance procedure is set forth in TDCJ's Offender Orientation Handbook which is distributed to inmates upon their placement in the corrections system. *See* Texas Department of Criminal Justice, Offender Orientation Handbook (2004). The Offender Orientation Handbook can be viewed on the Texas Department of Criminal Justice's website at www.tdcj.state.tx.us/publications/cid/offendorienthbknov04.pdf. *See also Almond v. Tarver*, 468 F.Supp.2d 886, 896 (E.D.Tex. 2006)(describing previous version of grievance procedure and providing link to handbook).

If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance. Inmates are advised that the Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form, and the Step 2 process may take up to 35 days, but an extension may be necessary if additional time is required to conduct an investigation. In that case, the inmate will be advised in writing if an extension is necessary at either Step 1 or Step 2. Inmates are instructed in the handbook to present only one issue per grievance and to not repeatedly grieve the same issue. The grievance system restricts the issues which are grievable and it provides for the return of grievances if the inmate fails to meet certain requirements, but grievances generally may be corrected and resubmitted.

Pursuant to Section 14.005, Hill filed an unsworn declaration relating to his grievances. Hill's declaration listed four Step 1 grievances filed in connection with the use of force incident and its disciplinary consequences: (1) on June 24, 2008, Hill filed a Step 1 grievance against Reilly, Lott, Harris, Hargrove, and Warden Williams regarding Lott's use of excessive force; (2) on July 4, 2008, Hill filed a Step 1 grievance against Hargrove, Lt. P. Skeltors, and Vitolo for downgrading his custody status based on a false disciplinary charge for rioting; he also alleged these individuals participated in the cover-up of Lott's use of excessive force; (3) on July 7, 2008 he filed a Step 1 grievance against Captain Williams for conspiring with Warden Williams and Hargrove to illegally detain Hill in administrative segregation on a false disciplinary charge written by Reilly; and (4) on July 21, 2008, he filed a Step 1 grievance against Harris for placing him in administrative segregation based on a false disciplinary charge written by Reilly. Hill attached a copy of a Step 1 grievance filed on June 25, 2008 (grievance # 2008168427) addressing his use of force complaint against Lott and Reilly. Hill also attached a copy of a Step 2 grievance filed on July 7, 2008 (grievance # 2008168427). The Step 2 grievance includes Hill's complaint about the use of force,

but Hill added other matters not included in the Step 1 grievance, including allegations that Warden Williams failed to take corrective action against Reilly and Lott for the use of force and for falsifying their reports which resulted in disciplinary action being taken against Hill. Hill's declaration states that he received a written decision on this Step 2 grievance on August 13, 2008. He did not attach a copy of the written decision on this grievance or any of the other grievances as required by Section 14.005(a)(2).

In *Garrett v. Borden*, the Supreme Court construed the word "copy" as used in Section 14.005(a)(2) to include something other than a mechanical reproduction, and it held that the inmate's hand-typed, verbatim reproduction of the written decision on the inmate's grievance complied with the statute's requirement to provide a copy of the grievance system's written decision for purposes of demonstrating that the inmate exhausted administrative remedies. *Garrett*, 283 S.W.3d at 853. Here, Hill related in his declaration that he received a response indicating that a use of force had occurred and his Step 1 grievance regarding the major use of force was going to be reviewed by regional staff. Hill was also advised that administrative action, if deemed necessary, would be taken at that time. Unlike what occurred in *Garrett*, Hill did not provide a verbatim reproduction of the written decision on his Step 2 grievance. We conclude that the statements in Hill's declaration describing the written decision on the Step 2 grievance do not constitute a "copy" of the written decision as contemplated by either Section 14.005(a)(2) or *Garrett*.

The Fort Worth Court of Appeals excused an inmate litigant's failure to comply with Section 14.005(a)(2) in *Francis v. TDCJ-CID* because the court found that the information necessary to determine whether the inmate filed his suit within the statutory time period was supplied by the inmate's affidavit and notations found on the face of the grievance forms. *Francis*, 188 S.W.3d at 803-04. Although the defendant moved to dismiss the inmate suit because the inmate had not shown

he had exhausted his administrative remedies or that he had timely filed his suit, the court of appeals focused most of its discussion on the issue of the suit's timeliness. The opinion suggests, however, that an inmate is not required to file a copy of the written decision if the necessary information is included in the affidavit or unsworn declaration. The court of appeals discussed its decision in *Bishop v. Lawson*, 131 S.W.3d 571 (Tex.App.--Fort Worth 2004, pet. denied) which affirmed the trial court's dismissal of an inmate suit where the inmate filed a summary of his grievances but not copies of the decisions themselves. *Francis*, 188 S.W.3d at 803. *Francis* critically notes that it had affirmed the dismissal without discussing whether the necessary information was included in the inmate's summary. *Francis*, 188 S.W.3d at 803.

If this appeal originated in our own district, we would decline to follow *Francis* because we believe it fails to construe Section 14.005 as written and in light of its purposes. The plain language of Section 14.005(a)(2) requires the inmate to file a copy of the written decision in addition to his affidavit or unsworn declaration. Statutes must be construed as written, and legislative intent determined, if possible, from their express terms. *Simonson v. Keppard*, 225 S.W.3d 868, 879 (Tex.App.--Dallas 2007, no pet.), *citing Helena Chemical Company v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Courts presume that the entire statute is to be effective and a just and reasonable result is intended. *In re S.S.A.*, --- S.W.3d ----, 2010 WL 703229 at *1 (Tex.App.--El Paso 2010, no pet. h.); *Simonson*, 225 S.W.3d at 879. In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy. TEX.GOV'T CODE ANN. § 312.005 (Vernon 2005). Even if a statute is unambiguous, courts may consider the statute's objective; circumstances of its enactment; its legislative history; and consequences of a particular construction. *University of Texas Health Sciences Center at Houston v. Gutierrez*, 237 S.W.3d 869, 873 (Tex.App.--Houston [1st Dist.] 2007, pet. denied), *citing*

*Simonson*, 225 S.W.3d at 880. We should also read every word, phrase, and expression in a statute as if it were deliberately chosen, and likewise presume that words excluded from the statute are done so purposefully. *In re S.S.A.*, 2010 WL 703229 at *1; *Gutierrez*, 237 S.W.3d at 873, *citing Simonson*, 225 S.W.3d at 880.

Given that the purpose of Chapter 14 is to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates, we believe that Section 14.005's requirements must be strictly construed. Providing a copy of the written decision on his grievance is necessary for an inmate to show he has exhausted his administrative remedies as required by Section 501.008 of the Government Code. If the Legislature had intended for this showing to be satisfied by a statement included in the inmate's affidavit or unsworn declaration that he had received a written decision on his grievance, the Legislature could have easily said so and it would not have required the inmate to submit a copy of the written decision in addition to the affidavit or declaration. While a trial court might be able to determine from the inmate's affidavit and notations on the grievance forms that some kind of decision was made on a certain date by someone in the grievance system, a copy of the written decision must be examined to determine whether the inmate has in fact exhausted his administrative remedies.

To the extent *Francis* holds than an inmate can establish he has exhausted his administrative remedies as required by Section 14.005 without providing a copy of the written decision, we would ordinarily decline to follow it. We would instead hold that Hill failed to establish he exhausted his administrative remedies because he failed to provide a copy of the written decision. But because this is a transfer case, we must apply precedent of the Second Court of Appeals if our decision would otherwise be inconsistent with the transferor court's precedent. *See* TEX.R.APP.P. 41.3.

Applying *Francis* to the facts of this case, we find that Hill has not provided adequate

information to determine he has exhausted his administrative remedies. Hill's declaration indicates that TDCJ authorities were continuing to investigate his use of force complaint. The grievance system contemplates that TDCJ may take additional time to conduct an investigation. Consequently, Hill has not established he has received a written decision on the portion of his grievance concerning the use of force. Further, there is nothing in the declaration or the attachments indicating Hill has received a written decision on his other complaints related to the alleged conspiracy to cover up the use of force incident and the disciplinary actions taken against Hill. The trial court did not abuse its discretion by dismissing Hill's suit for failure to comply with Section 14.005. We overrule Issue One and affirm the judgment of the trial court.

August 31, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

ANN CRAWFORD McCLURE, Justice