

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00076-CV
_____

CHEYENNE PATE, Appellant

V.

DAWN GROUNDS, et al., Appellees

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 12 CO 325-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Inmate Cheyenne Pate filed a civil action asserting, among other things,[1] claims of theft against Warden Dawn Grounds and Sergeant Kelley May after funds in his inmate trust account were placed on "hold."  The funds were held by prison officials who suspected Pate of using fraudulent means to induce Mary Ann Conrad to deposit $1,300.00 into Pate's account.  Pate sought the return of these funds along with mental anguish and emotional distress damages, punitive damages, loss of finances, and court costs.  The trial court dismissed Pate's suit "for failure to comply with Chapter 14 of the Texas Civil Practices [sic] and Remedies Code."  Pate appeals from this dismissal.  We affirm the trial court's judgment.

"Chapter Fourteen was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit."  *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  The trial courts are given broad discretion to determine whether a case should be dismissed because:  (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants.  *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).  Thus, we review a dismissal under Chapter Fourteen for abuse of discretion.  *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Hickson*, 926 S.W.2d at 398.  "The test for abuse of

---

[1]Pate's petition contained a certification stating, "I do not have the necessary funds at this time, to pay the court costs, to execute this writ, as I only have a total of $72.24 . . . in the inmate trust fund account.  See exhibit #8."  A purchase receipt indicating Pate's $72.24 balance in his inmate trust account as of February 8, 2012, was included, as well as a January 31, 2012, statement indicating a balance of $1,410.35.

discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Chapter Fourteen requires the exhaustion of administrative remedies. Section 14.005(a) "mandates that an inmate who files a claim that is subject to the [Texas Department of Criminal Justice (TDCJ)] grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision," along with a copy of the written decision from the grievance system. *Brewer*, 268 S.W.3d at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1) (West 2002)).

The statute's requirement that the inmate file copies of his or her grievance and the written decision on the grievance serves two purposes. First, the inmate will demonstrate through compliance that he or she has exhausted the administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a); *Smith v. Tex. Dep't of Criminal Justice–Inst. Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). "The second purpose served by Section 14.005(a)'s requirements is that the information provided by the inmate will enable the trial court to determine whether the inmate has filed his claim within the time period specified by subsection (b)." *Hill v. Reilly*, 343 S.W.3d 447, 450 (Tex. App.—El Paso 2010, pet. denied). If the inmate fails to file the claim before the thirty-first day after the date the written decision is received, a trial court shall dismiss the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002).

3

As stated in *Hill*,

> TDCJ's inmate grievance procedure is a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their confinement within the corrections system. *See* Texas Department Of Criminal Justice, Offender Orientation Handbook (2004). The Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence. If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance. Inmates are advised that the Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form, and the Step 2 process may take up to 35 days, but an extension may be necessary if additional time is required to conduct an investigation. In that case, the inmate will be advised in writing if an extension is necessary at either Step 1 or Step 2. Inmates are instructed in the handbook to present only one issue per grievance and to not repeatedly grieve the same issue. The grievance system restricts the issues which are grievable and it provides for the return of grievances if the inmate fails to meet certain requirements, but grievances generally may be corrected and resubmitted.

*Id.* at 450–51.[2]

Pate's original petition in this case was filed on March 1, 2012.[3] Several grievance forms were contained within the record.[4] Only one issue may be presented per grievance. On

---

[2]The inmate grievance procedure is set forth in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their placement in the corrections system. *See* Texas Department of Criminal Justice, Offender Orientation Handbook (2004). The Offender Orientation Handbook can be viewed on the Texas Department of Criminal Justice's website at http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf.

[3]Pate's "Texas Theft Liability Act-Suit" was filed on May 9, 2012.

[4]A previous disciplinary proceeding against Pate resulted in the finding that he coerced Conrad to deposit $1,300.00 into his inmate trust account using fraudulent means. According to the Offender Orientation Handbook, an appeal of a disciplinary hearing can be made based only upon grounds that: (1) one or more procedural rights were violated; (2) there was insufficient evidence to find the offender guilty; or (3) the penalty imposed by the hearing officer was too severe. Pate appealed this decision of the disciplinary hearing officer by filling out a "Step 1 Offender Grievance Form" dated February 15, 2012. The appeal raised grounds permissible under the Offender Orientation Handbook, and also complained about the held funds, which were not withdrawn from Pate's account until after the appeal was filed. The response to this appeal, dated April 9, 2012, was that the disciplinary case "was reviewed and no procedural errors were found that would warrant overturning this case." On April 17, 2012, a Step 2 grievance appealing the disciplinary findings complaining of theft of property was received. The response sent on May 15, 2012, stated that the "disciplinary charge was appropriate for the offense and the guilty verdict was

4

February 22, 2012, Pate was notified that "a hold was released off of $1,300.00 and the money was withdrew [sic] from my account." In a letter filed with the court on May 25, 2012, Pate acknowledged his responsibility to "exhaust my grievance administrative remedies." He "attached Step 1 Offender Grievance Form" that was received on January 23, 2012, which complained of May's actions in disclosing Pate's personal information when contacting the third party, but failed to raise complaints relating to the withheld funds, as those funds had not yet been withdrawn when this grievance was filed.[5] Also, a complaint against Grounds was not made. On March 2, Pate received this response to the grievance:

> Be advised Safe Prison Plan Sgt. K. May was contacted regarding your complaint. Sgt. May stated she properly identified herself to Ms. Conrad and acted within policy guidelines during the conversation. No personal information was disclosed. No further action warranted as no staff misconduct was found.

On March 5, 2012, Pate executed an unsuccessful Step 2 grievance complaining of the finding that May did not engage in misconduct. The grievance asked that Conrad be contacted so that she could verify that May represented herself to be the warden's secretary. Again, the grievance failed to mention Warden Grounds or complain about the withheld funds. In a separate letter, Pate asked the court to take "Judicial notice, that the step-1 nor 2 grievance response makes 'no

---

supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed . . . was within agency guidelines. No conclusive evidence of staff misconduct could be substantiated. No further action is warranted in this matter." Importantly, disciplinary hearings and the procedures for appeal, which concern offender wrongdoing, are separate from the procedures dealing with grievances, which concern alleged wrongs suffered by the offender. Thus, as explained above, even though Pate made mention of the $1,300.00, he was required to file a specific grievance complaining of prison official wrongdoing in order to establish the exhaustion of administrative remedies. Further, the grievance was to be made within fifteen days of the offending conduct. His appeal of a disciplinary hearing, which can only be based on certain grounds, did not constitute the separate grievance required by the Offender Grievance Handbook.

[5]Pate also complained that May fraudulently impersonated herself as the warden's secretary.

5

mentioning', of the $1,300.00."   Indeed, the responses to the grievances make clear that authorities did not rule on any complaint relating to Pate's withdrawn funds, a Chapter Fourteen requirement.   Also in the letter to the court, Pate stated that "there are other Step -1 and 2 grievances pending as well, in regards to theft of my money and appealing the disciplinary case. The next Step 1 and 2 grievance should be returned to me within the next 20 days or less."  No other copy of a grievance complaining of the missing funds was found in this Court's record.

Pate's grievances failed to mention the withdrawn funds that form the basis of his civil suit against Grounds and May.  Thus, the claims raised by Pate in his lawsuit were not previously addressed by the administrative process.  Therefore, we cannot rule that the trial court abused its discretion in dismissing Pate's lawsuit for failing to exhaust administrative remedies as required by Chapter Fourteen.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     September 25, 2012
Date Decided:       September 26, 2012