**Petition for Writ of Mandamus and Prohibition Denied; Memorandum Opinion filed December 11, 2012**.



In The

# Fourteenth Court of Appeals

### NO. 14-12-01083-CV
### NO. 14-12-01084-CV

### IN RE EDWARD R. NEWSOME, Relator

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS AND PROHIBITION
On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2012-24410

## MEMORANDUM OPINION

Relator Edward R. Newsome filed a petition for writ of mandamus and prohibition in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the Honorable Mike Englehart, presiding judge of the 151st District Court in Harris County, signed an order on November 16, 2012, dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.

In 1986, relator was convicted of unauthorized use of a motor vehicle, and he was sentenced to thirty-nine years in prison. This court affirmed his conviction in 1988, and

the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Newsome v. State*, No. C14-87-00048-CR, 1988 WL 26430 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (not designated for publication).

It appears from relator's petition that he filed suit against one or more of his former attorneys, alleging malpractice and other claims related to his legal representation in the above-referenced criminal action. On November 16, 2012, pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code and for failure to comply with the court's previous order, the trial court signed a "Final Order Denying Motion to Retain and Order of Dismissal" in the underlying case, styled *Edward R. Newsome v. William P. Mewis,* filed in cause number 2012-24410 in the 151st District Court in Harris County.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation, with the exception of cases brought under the Texas Family Code. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014. A prison inmate who brings a suit in which he has filed an affidavit of indigence or an unsworn declaration of inability to pay costs must also comply with the procedural requirements set forth in Texas Civil Practice and Remedies Code Chapter 14. Tex. Civ. Prac. & Rem. Code § 14.002(a); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The November 16, 2012, order signed by the trial court is a final, appealable order. *See, e.g., Hill v. Reilly,* 343 S.W.3d 447, 448-49 (Tex. App.—El Paso 2010, pet. denied). *Amir-Sharif v. Mason*, 243 S.W.3d 854, 855 (Tex. App.—Dallas 2008, no pet.). In his petition, relator refers to a motion to recuse. The denial of a motion to recuse is also required to be reviewed on appeal from the final judgment. *See* Tex. R. Civ. P. 18a; *In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 (Tex. 1998). Relator also seeks to challenge rulings on his affidavit of inability to pay costs, a motion for appointment of counsel, and a request for a court reporter to report the hearing. Challenges to the rulings on these matters may likewise be included in an appeal from the final judgment. An interlocutory order is appealable when it has merged into a subsequent final, appealable order. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (holding that prior

interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); *Wilkins v. State Farm Mut. Auto. Ins. Co.*, 58 S.W.3d 176, 182 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Id.* at 136.

Mandamus is expressly reserved for situations where a relator lacks an adequate remedy by appeal. *See In re Reece*, 341 S.W.3d 360, 374 (Tex.2011). In this proceeding, relator may appeal the final judgment in the underlying case and the other rulings about which he complains. There is no benefit to mandamus review over an appeal in this case. Relator has an adequate remedy by appeal.

A writ of prohibition operates like an injunction to control or prevent action in a lower court. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 682 (Tex. 1989). The writ is typically used to protect the subject matter of an appeal or to protect an appellate court's jurisdiction. *Id.* at 683. A writ of prohibition is unnecessary in this case because there is no appeal pending in this court.

We deny relator's petition for writ of mandamus and prohibition.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.

3