

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00092-CV

---

ROBERT TROY MCCLURE, Appellant

V.

TEXAS DEPT OF CORRECTIONS, ET AL., Appellees

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 12C0939-102

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Robert Troy McClure appeals from the dismissal of his inmate litigation for failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. McClure alleged that prison guards allowed him to be attacked by a known gang member on February 17, 2012. He claimed that the guards "failed to act or protect McClure but stood there while McClure," who was handcuffed, "was being punched, kicked, in the face, ribb's [sic], back of the head." Seeking "$100 million dollars," McClure sued the Texas Department of Corrections[1] and the following persons listed as defendants on June 29, 2012: Rick Thaler, Robert Eason, Dawn Grounds, Jeffery Catoe, Jeffery Calfee, Michael Collum, Frederick Gooden, Brad Livingston, "office of inspector general (OIG) John Doe," Tanya Peacock, Amanda Jorden, "classification supervisor, Jane Doe," supervisor Kelly May, Danielle Norman, and Kimberly Bagsby.

McClure's petition and an attached affidavit claimed that grievances and complaints had been filed by McClure, but no copy of the grievances or their written responses were included in the clerk's record. The trial court dismissed McClure's complaint for failure to "attach copies of the responses to his step one and step two grievances."[2]

McClure filed an affidavit swearing "I am indigent. . . . I can not [sic] pay filing fee's [sic], service of process fee's [sic]. I have no income or property nor do I have any support." Chapter 14 of the Texas Civil Practice and Remedies Code applies to an action brought by an

---

[1]The correct name should be the Texas Department of Criminal Justice.

[2]The order of dismissal also recited that "it appears from Plaintiff's affidavit that he is untimely in filing the instant lawsuit."

inmate in which an affidavit of inability to pay costs is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012). "Chapter Fourteen was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). We review a dismissal under Chapter 14 for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Hickson*, 926 S.W.2d at 398.

The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an *in forma pauperis* suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Chapter 14 requires the exhaustion of administrative remedies as a condition precedent to filing suit. Section 14.005(a) "mandates that an inmate who files a claim that is subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision," *Brewer*, 268

S.W.3d at 768, along with "a copy of the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2) (West 2002).

The statute's requirement that the inmate file copies of his grievance and the written decision on the grievance serves two purposes. First, the inmate will demonstrate through compliance that he has exhausted his administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002); *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). "The second purpose served by Section 14.005(a)'s requirements is that the information provided by the inmate will enable the trial court to determine whether the inmate has filed his claim within the time period specified by subsection (b)." *Hill v. Reilly*, 343 S.W.3d 447, 450 (Tex. App.—El Paso 2010, pet. denied). If the inmate fails to file the claim before the thirty-first day after the date the written decision is received, a trial court shall dismiss the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002).

As stated in *Hill*,

TDCJ's inmate grievance procedure is a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their confinement within the corrections system. *See* Texas Department Of Criminal Justice, Offender Orientation Handbook (2004). The Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence. If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance. Inmates are advised that the Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form, and the Step 2 process may take up to 35 days, but an extension may be necessary if additional time is required to conduct an investigation. In that case, the inmate will be advised in writing if an extension is necessary at either Step 1 or Step 2. Inmates are instructed in the handbook to present only one issue per grievance and to not repeatedly grieve the same issue. The grievance system restricts the issues which

4

are grievable and it provides for the return of grievances if the inmate fails to meet certain requirements, but grievances generally may be corrected and resubmitted.

*Id.* at 450–51 (footnote omitted).[3]

McClure attached copies of grievance forms to his appeal which were not made a part of the record in this case. Because they were not a part of the record, we will not consider them. Further, all of the attached grievances were returned after McClure filed his petition in this case, demonstrating that the procedures outlined in *Hill* were not followed. Therefore, we cannot rule that the trial court abused its discretion in dismissing McClure's lawsuit for failing to exhaust administrative remedies as required by Chapter 14.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     January 3, 2013
Date Decided:       January 8, 2013

---

[3]The inmate grievance procedure is set forth in TDCJ's Offender Orientation Handbook which is distributed to inmates upon their placement in the corrections system. *See* Texas Department of Criminal Justice, Offender Orientation Handbook (2004). The Offender Orientation Handbook can be viewed on the TDCJ's website at http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf.