In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00506-CV
_____

NORMAN CRITTENDEN, Appellant

V.

JARL WADE, MELINDA K. CUNNINGHAM, C. ROGERS
AND S. BRYANT, Appellees

On Appeal from the 88th District Court
Tyler County, Texas
Trial Cause No. 22882

## MEMORANDUM OPINION

Norman Crittenden, an inmate who is confined in a facility operated by the Texas Department of Criminal Justice, appeals the trial court's judgment dismissing his defamation and false imprisonment claims because they are frivolous and because he failed to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. In issues one and two, Crittenden contends the trial court abused its discretion by dismissing his claims because his claims are arguable

1

under the law. In issues three and four, Crittenden argues that the Department's alleged failure to develop and maintain a grievance system to address his claims justifies his failure to pursue a grievance. We affirm the trial court's judgment.

Background

In his original petition, Crittenden alleges that three employees of the Department defamed him by drafting offense reports alleging that he had violated various prison rules. Crittenden's petition asked the trial court to issue a declaratory judgment and enjoin the Department from further damaging his reputation.

After Crittenden sued, the Attorney General filed an amicus curiae report. In its report to the court, the Attorney General suggested that Crittenden's case be dismissed, arguing that Crittenden had not met the requirements applicable to inmates whose claims are subject to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2014) (establishing requirements that apply to inmates who pursue actions in which the inmate has filed an affidavit or unsworn declaration claiming an inability to pay costs). Subsequently, Crittenden filed an amended petition, adding an additional complaint alleging that another Department employee had falsely imprisoned him by placing him in segregated housing. After considering

the suggestions made by the Attorney General, the trial court dismissed Crittenden's suit as frivolous, explaining that he had failed to comply with the requirements of Chapter 14.

## Standard of Review

We review a trial court's dismissal of an inmate's claims for failure to comply with Chapter 14 under an abuse of discretion standard. *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court has broad discretion to dismiss an inmate's suit if it finds that the inmate's claims are frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A trial court abuses its broad discretion if it acts arbitrarily or unreasonable, or if it decides the case without reference to any guiding rules or principles. *Brewer v. Simental*, 268 S.W.3d 763, 768-69 (Tex. App.—Waco 2008, no pet.). In determining whether a claim is frivolous, the trial court may consider whether the claim has no arguable basis in law or fact. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2) (West 2002). A claim lacks an arguable basis in law if the inmate has failed to exhaust his administrative remedies before filing his suit. *Retzlaff*, 94 S.W.3d at 653.

Applicable Law

Chapter 14 governs a trial court's handling of a case where an inmate files suit and seeks to proceed without payment of costs. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. Chapter 14 requires an inmate to exhaust his administrative remedies in the prison grievance system, a system authorized by section 501.008 of the Texas Government Code. *See id.* § 14.005(a) (West 2002). The remedies that are provided in the prison grievance system were intended to be exclusive, as section 501.008 states: "A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department[.]" Tex. Gov't Code Ann. § 501.008(a) (West 2012). The purpose of Chapter 14 is to require that trial courts require that inmates, who choose to proceed *in forma pauperis*, have used the Department's grievance procedures and exhausted their remedies before being allowed to proceed in state court. *See Brewer*, 268 S.W.3d at 769; *Smith v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied).

Chapter 14 imposes several requirements that must be met before an inmate can pursue a claim in a state court without paying a filing fee. *See*

4

& Rem. Code Ann. §§ 14.002(a), 14.004 (West Supp. 2014), § 14.005 (West 2002). For example, section 14.005(a) requires that the inmate file an affidavit or unsworn declaration that states the date the inmate filed a grievance and the date the inmate received a written decision from the grievance system on his grievance. *Id.* § 14.005(a)(1). Section 14.005(a) also requires that the inmate file a copy of the written decision that resulted from the grievance proceeding with the court. *Id.* § 14.005(a)(2). If the inmate fails to meet these requirements, the inmate, in his suit, has failed to show the trial court that the inmate's administrative remedies were exhausted. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). If the inmate has failed to comply with the requirements of section 14.005(a), the trial court must dismiss the inmate's suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.010 (West 2002); *see Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied) (holding that prison inmates who file suit in Texas state courts *pro se* and who seek to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 or have their suit dismissed).

Here, the record shows that Crittenden is an inmate who is housed in a facility operated by the Department, and that he desired to proceed without paying costs, as he filed an affidavit declaring he was unable to pay. Crittenden's claims, which allege that various employees of the Department defamed and falsely

imprisoned him, are claims that fall within the scope of Chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Hill v. Reilly*, 343 S.W.3d 447, 453 (Tex. App—El Paso 2010, pet. denied) (affirming trial court's dismissal of inmate's false imprisonment claim for failing to exhaust the administrative remedies of Chapter 14); *McClain v. Terry*, 320 S.W.3d 394, 395, 398 (Tex. App.—El Paso 2010, no pet.) (affirming trial court's dismissal of inmate's defamation claims for failing to comply with the requirements of Chapter 14). Although Crittenden was required to exhaust his remedies under Chapter 14, Crittenden admits that he did not follow Chapter 14's procedural requirements and that he did not attempt to obtain a decision on his grievances through the Department's administrative process.

The record supports the trial court's conclusion that Crittenden failed to exhaust his administrative remedies before filing suit. Therefore, the trial court was required to dismiss Crittenden's claims as frivolous, as his claims have no arguable basis under the law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2); *Retzlaff*, 94 S.W.3d at 653. We conclude the trial court did not abuse its discretion in dismissing Crittenden's claims. We overrule all of Crittenden's issues, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered December 11, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.